BOARD OF SUPERVISORS OF WARREN COUNTY VS. GEORGE M. KLEIN.

1. MANDAMUS: *Pleadings. Practice.*

The common law character of the action of mandamus has been changed by the statute, § 1520 of the code, by which it is assimilated in " the pleadings and other proceedings, as nearly as may be to an ordinary action for the recovery of damages," and it is competent to make full inquiry into, and upon issue properly joined, determine the character and amount of petitioner's demand in all cases where it is questioned.

2. SAME: *County warrants ; when may be collaterally impeached.*

The general rule as heretofore prevailing in this state, that county warrants are in the nature of judgments conclusive, and not subject to collateral impeachment, is modified by sec. 1382, code 1871, and any action by the board beyond the limit of this restriction would be *ultra vires,* and the warrants would be void, and as such, their illegality may be questioned anywhere and in any proceeding.

3. SAME: SAME: *Evidence. Sec. 1382. Construction.*

The language of sec. 1382, " dollar for dollar, according to the legal or ordinary compensation," prescribed to the board as the standard for their allowances, is not a restriction to the standard of cash prices. It is competent for the board to make allowances upon the basis of credit prices; if the issuance of the warrants is in anticipation of taxes to be collected. Hence evidence that the allowances made were at a rate equal to double the cash prices is insufficient to establish the illegality of the warrants. It cannot be inferred in the absence of any proof as to

what is "ordinary compensation" upon a credit basis, that an allowance is excessive and above the ordinary compensation, from the fact that it was double the cash price.

4. COUNTY WARRANTS: *May be drawn upon different funds.*

Unless the claim is by law required to be drawn on a particular fund, the validity of a warrant will not be affected, because it is drawn upon a fund not appropriate to the character of the allowance.

5. LIMITATION UPON THE TAXING POWER: *To what extent constitutional.*

It is competent for the legislature to limit the power of the board of supervisors as to expenditures and taxation, except for purposes of " building and repairing bridges, jails and court-houses." Const., Art. XII, § 16.

6. TAXING POWER: *How exhausted.*

The board of supervisors as against warrants subject to restriction, cannot exhaust their taxing power by embracing in the aggregate a levy for purposes upon which there is no limitation, and an answer that they have thus exhausted their power will not prevail to defeat a mandamus.

7. MANDAMUS: *Levy and collection of taxes.*

In awarding mandamus to compel a levy of taxes, respect must be had to the law fixing the time and prescribing the mode for making the levy and collecting taxes. Taxes cannot be levied or collected at any other time, nor in any other manner than that designated by law.

8. SAME: *Power of board to issue new warrants.*

In an action of mandamus the board of supervisors cannot be required to issue new warrants in lieu of those sued on, unless upon trial it be shown that the warrants were issued for an excessive allowance, and it becomes necessary in order to abate such illegal excess.

9. COUNTY WARRANTS: *Interest.*

County warrants do not bear interest. They are not included in §§ 2279 or 2281, Code 1871.

10. SAME: MANDAMUS: *Practice.*

A mandamus to levy taxes should specifically describe each warrant directed to be paid.

ERROR to the Circuit Court of *Warren* County.

Hon. GEORGE F. BROWN, Judge.

The facts in this case sufficiently appear in the opinion of the court.

*G. E. Harris*, Attorney General, and *J. S. Morris*, for plaintiff in error, contended:

1. That the warrants were issued in excess of the limit of 90 per cent.

2. The warrants were issued for a larger amount than the claims held by Klein.   Code 1871, § 1382.

3. The board of supervisors cannot levy the tax demanded, because they have levied the full amount authorized by the law, $20 on every $1,000 of assessed value of property in the county. Acts 1875, p. 52, § 1.

4. The facts set up in the return must be taken as true upon a motion for a peremptory mandamus.   See record ; Files *v.* Mc-Williams, 49 Miss., 578.

5. The act of the legislature validating the over issue of 1874 implied no power to levy a tax for their payment.

*Pittman & Pittman* and *Birchett & Gilland,* for defendant in error, contended :

1. That in an action of *mandamus* to compel the levy of a tax to pay county warrants, the validity of the warrants cannot be questioned.   Like other judgments, they are conclusive, and cannot be collaterally impeached.   Citing Carroll *v.* Tishamingo County, 28 Miss., 38.

2. That the board of supervisors cannot exhaust their taxing power by a levy to the extent of the limit prescribed by law for other purposes than relator's demand, if before the levy demand was made by the relator.   Coy *v.* The City of Lyons, 17 Iowa, 1; People *v.* Superv'rs of Chenango, 8 N. Y., 330; People *v.* Nostrand, 46 id., 375.

3. That the relator is entitled to have the full limit of the taxing power exercised to pay his warrants, upon demand duly made.   And this power cannot be exhausted as to his demand by a levy for other purposes, to the extent prescribed by law. Such a plea could not be valid unless, 1. The warrant held by relator were subject to the restriction of the statute; and, 2. That they had reached the full extent of this limit, in a levy made expressly for the purpose of paying the relator.   That the statute limiting the taxing power cannot affect warrants issued prior

to its passage, upon the theory that it would impair the obligation of a contract. Bronson *v.* Kinzie, 1 How., 315; 2 id., 608; Sedg. Const. Law, 630.

CAMPBELL, J., delivered the opinion of the court.

Defendant in error was the holder of a large number of warrants issued by the clerk of the board of supervisors of Warren county, upon claims against the county for its current expenditures, audited and allowed by said board in term time. One of these warrants was issued in 1872. Two hundred and eighteen of these were issued in 1873; five hundred and sixty-three of them were issued in 1874; and ninety-five of them in 1875. There were eight hundred and seventy-seven different warrants or claims standing on like footing, issued to different persons in large part, and aggregating in amount the sum of $41,181.30. On the 10th of July, 1875, Klein presented all of said warrants and claims to the treasurer of Warren county, and demanded payment, which was refused for want of funds, and on the same day Klein brought these facts to the notice of said board of supervisors while in regular session, and demanded that they should levy a sufficient tax to pay said warrants and claims, which was refused by the board; and thereupon, Klein petitioned for a *mandamus* to compel compliance by said board with his demand.

The board of supervisors was summoned, and answered that its power of levying taxes had been restricted and limited by the act of April 4, 1872, to the levy of such a per centum, as with the state taxes added, should not exceed twenty-five mills on the dollar of assessed value, and that this power had been exercised to its full limit during the years 1872, 1873 and 1874, and that by act of March 5, 1875, said power of levying county taxes had been further restricted and limited, so that the county levy, with the state tax for each year, should not exceed twenty mills on the dollar of assessed valuation, and that the full power of taxation for county purposes had been exercised for 1875. It was further

answered, that all the warrants were issued on allowances for double the amounts due thereon, and not dollar for dollar, according to the legal or ordinary compensation for that for which the allowances were made; and that said warrants were drawn on different funds from those on which they should have been drawn. The answer contained other excuses, but these are all that we need notice.

.The answer was replied to, and its truth controverted, and upon the issue thus made the case was tried, and resulted in the award of a peremptory command to the board of supervisors to forthwith levy a tax, on Thursday, December 2, 1875, or as soon thereafter as possible, not exceeding five mills on the dollar of assessed valuation of property in Warren county, to pay to Klein $33,905.50, with six per cent. interest from July 10, 1875, that being the amount of warrants and claims· issued after April 4, 1872, and before March 5, 1875, and chargeable to the whole county ; and also to levy a tax upon all the taxable property of the Warren county school district, being that part of the county outside of Vicksburg, sufficient to pay Klein $2,918.30, and interest at 6 per cent. from July 10, 1875, for said warrants issued between April 4, 1872 and March 5, 1875, and chargeable to the Warren county school district aforesaid. The said board was also commanded to provide for the payment of such of said warrants as were issued after March 5, 1875, by levies on the taxable property of the whole county, or of the Warren county school district, appropriate to the remainder of said warrants, as being chargeable to the county or the school district, and this power is required to be exerted from year to year, if one levy to the full limit shall not be sufficient to pay said warrants, and said board is commanded to make "such orders as may be necessary to cause the speedy collection of said several sums of money (required to be levied for the warrants issued before March 5, 1875), and the deposit thereof with the treasurer of said county, as special funds, to be set apart and appropriated for the payment of those claims and warrants issued before the 5th day of March,

A. D. 1875, as aforesaid, and that they do thereupon make and cause to be entered an order for the issuance of warrants to said George M. Klein, against said respective funds, for the amount of his said claims, payable out of the said special funds, respectively, if there be sufficient collected for that purpose, and if not, then for the amounts collected."

From this judgment a writ of error is prosecuted by the board of supervisors, and an agreement was made by the counsel on both sides, in the presence of the court, upon argument of the case, to the effect that this court shall consider the case anew upon its merits, as presented by the facts disclosed by the record, and shall render such judgment as the court below should have rendered upon these facts, without regard to the opinion delivered in this case when formerly before this court.

Several questions were argued by counsel, and we shall notice such as we think are involved in the determination of the case, according to the view we take of it.

The first and most important question, as affecting the general interest, is, as to the right of respondent to a *mandamus* petition to enforce payment of county warrants, to go behind the allowance of the claim by the board of supervisors, and question its validity as having been allowed in violation of § 1382 of the Code of 1871, which declares: "It shall be unlawful for any board of supervisors to allow any greater sum for any account, claim or demand against the county than the amount actually due thereon, dollar for dollar, according to the legal or ordinary compensation for such services rendered, or for salaries or fees of officers or materials furnished, or to issue county warrants or orders upon such accounts, claims or demands, when allowed, for more than the actual amount so allowed, dollar for dollar."

It has been often held and for a long time settled by judicial decision in this state, that, under the general authorization to the board of police or board of supervisors to audit and allow, on due proof in term time, all demands and accounts against the county, the entry on the minutes of the board allowing a claim

against the county is a judgment in favor of the claimant against the county, which, like any other judgment, cannot be collaterally questioned, and is final and conclusive. All of the adjudications to this effect were as to allowances made prior to the adoption of the code of 1871, which contains the provision copied above, which provision, we think, operates as a limitation on the power of the board of supervisors in the allowance of accounts, claims and demands against the county, and makes void any allowance or warrant prohibited by it. The power of the board to audit and allow demands and accounts against the county is conferred by statute, and must be exercised according to law. With unrestricted power on this subject, its judgment was conclusive, but with a limitation on its power, it can act only within the limit, and any excess is void. To allow an account which it is forbidden by law to allow must be void. To allow twice as much or any other proportion which is prohibited is equally void, because contrary to law, which annuls whatever opposes it. An illegal or excessive allowance or warrant issued upon such allowance, being void, may be questioned anywhere by anybody and in any proceeding. The proceeding for a *mandamus*, being by our statute, § 1520 of the code, assimilated in the pleadings and other proceedings, as nearly as may be, to " an ordinary action for the recovery of damages," it is admissible for petitioner to reply to the answer of respondent, and upon issue joined, it is competent to show what sum petitioner is entitled to have his *mandamus* for, if any, and full inquiry into the character of his demand is admissible in all cases where it is questioned. This change from the common law proceeding by *mandamus* has been wrought by the statute.

This brings us to consider the propriety of the exclusion by the circuit judge of the agreement made by petitioner on trial : " That certain of said warrants in said petition and pleadings mentioned, to wit: warrants to the amount of one thousand dollars were issued upon allowances for greater amounts than were the current market prices in cash in Vicksburg, respectively, for

the services and materials furnished and charged for in the claims for which said warrants were issued, to wit: for an amount equal to double the amount of the value thereof in cash." It may be true, that the allowances were made for double the cash prices, and yet, that the " amount actually due thereon, dollar for dollar, according to the legal or ordinary compensation for such services rendered   *   *   or materials furnished," did not fall below the amounts allowed. Of course, salaries and fees of officers are fixed by law, and their amount cannot vary with the difference of cash and credit prices, but " services rendered " by those who are not officers, and " materials furnished " may vary widely between cash and credit, and we have no right to deny to the boards of supervisors the power to allow for them the " ordinary compensation for such services rendered   *   *   or materials furnished," and we cannot judicially know that double the cash prices exceeded the " ordinary compensation " for such things on credit.

Therefore, while we think it was entirely competent for respondents to show a violation of § 1382 of the code in the issuance of the warrants, our opinion is, that there was no offer to show this. That the agreement or admission of fact on this point was properly excluded, because it is limited to the cash prices, and contains no admission of a violation of law in allowing more than ordinary compensation for services rendered or materials furnished. In view of the legislative recognition of the common practice by boards of supervisors to anticipate collections of taxes by allowing demands on which warrants issue in advance of collections, we are not authorized to say, that boards of supervisors may not allow credit prices for materials furnished and services rendered by those who are not officers, provided they are governed by the ordinary compensation for such. That the warrants were drawn on different funds from those on which they should have been drawn does not amount to a defense by the board if they correspond to the allowances. The law does not contemplate or provide for all of the different special funds which boards of supervisors sometimes distinguish and keep separate.

If a claim is a valid one against the county, and is directed by the allowance of the board of supervisors to be charged to a designated fund, this does not affect its validity, although it may be charged to a fund not the most appropriate nor the usual one for such warrants to be drawn on. These remarks do not apply to a claim required by law to be paid out of a special fund, which might, under certain circumstances, be different. We speak only of the facts of this particular case. We think these warrants are valid claims against the county, and it was not material on what particular fund they were drawn. That was a matter, under the circumstances, in the discretion of the board of supervisors.

The warrants issued between the 4th of April, 1872, and 5th of March, 1875, and subject to the operation of the act of the former date, as to the limitation on the power of the board of supervisors to levy taxes for county purposes, and those issued after the 5th of March, 1875, and before any further restriction, are subject to the law in force at the time of their issuance. But it is not lawful for the board, as against such warrants, to exhaust its power to levy for any year, by embracing in the aggregate a levy for those purposes for which its power to levy is not subject to legislative restriction; i. e., " to pay for the building and repairing of court houses, jails and bridges," as provided by art. XII, § 16 of the constitution, or for which it was authorized by law to make a special levy, independent of the limitation; and, in so far as any such levy may have been embraced in the levy by the board of supervisors of Warren county, it is to be disregarded as far as necessary in behalf of the holders of warrants issued subject to said respective restrictions on the power to levy. The power of the board of supervisors to tax for such purposes is to be exhausted in favor of holders of unpaid warrants. In 1873 and 1874, the board had power to levy for county purposes the difference between the state tax and twenty-five mills on the dollar, and in 1845 the difference between the entire state tax and twenty mills on the dollar. A reference to the laws fixing the state tax will show the margin allowed the board for levying for county

purposes. (The state tax in 1873 was 12 1-2 mills; in 1874 it was 14. mills, and in 1875, 9 1-4 mills on the dollar of taxable property as assessed.)

The court, in awarding *mandamus* to compel a levy of county taxes, must respect the provisions of law for the levying and collection of county taxes. The time when such levy shall be made, and when and how collection and settlement by the collector are to be made, is fixed by law. Judgment must be so framed as not to contravene these provisions or disturb the system of finance established in the state, and, therefore an order cannot lawfully be made requiring the board of supervisors to levy taxes at any other time than the time and in the manner when it is required to levy county taxes. Nor can the board be required to make any orders or do any acts towards the speedy collection of such taxes as may be levied, or the deposit when collected in the treasury, which are not provided for by the statutes of the state. Nor can said board be required to issue any warrants on any fund where it has already issued warrants, unless it be in case of a judgment rendered in gross for an aggregate of warrants found on trial of the issue in the *mandamus* to have been illegally issued for an excess of what was allowed by law to be issued or allowed for.

County warrants do not bear interest. This was decided in Taylor *v.* Board of Police of Chickasaw county, in 1869, by the high court of errors and appeals, Opinion Book "K," p. 61, and we think correctly. Interest is the creature of statute, and our statute does not embrace county warrants. The common understanding of the community is, that they do not bear interest. They do not purport to bear interest. It is not in the contemplation of persons to whom warrants are issued that they are to carry interest. Our statute, § 2279 Code, has reference to the contracts of individuals, and not of the state or counties, which are not supposed to be included in any statute imposing burdens, unless specially named or fairly embraced in the language used. Section 2281, as to judgments, embraces only those between individ-

uals, enforceable by execution, and does not include allowances by boards of supervisors, which, though called judgments, are not strictly such in the legal acceptation. The demand of payment of county warrants does not create any right to interest from that date. Not bearing interest, they cannot be made to bear it by a demand of payment.

The requirement to levy taxes should be to pay certain specified warrants, describing and identifying them by numbers, dates, amounts, and names of persons to whom issued, so that the treasurer may readily know to what warrants to apply the money collected under the levy, and may certainly apply it to them and take them up and present them to the board of supervisors as his vouchers on settlement for such application of the taxes paid him, and to be canceled by the board of supervisors.

The judgment of the circuit court, not being according to these views, will be reversed, and judgment may be entered here for a peremptory *mandamus* to the board of supervisors of Warren county, for the levy of a tax sufficient to pay the warrants described in the petition herein, in accordance with the views expressed in this opinion.