BOARD OF SUPERVISORS OF CHICKASAW COUNTY *v.* BOARD OF SUPERVISORS OF SUMNER COUNTY.

1. COUNTY.  *Having acquired new territory.  Liability for indebtedness on that account.*

Where, by an act of the Legislature, a part of the territory of one county is taken from it and annexed to another county, and no provision is made for the liability of the county acquiring the territory for any portion of the indebtedness of the county losing the territory, the former cannot be compelled to pay any part of the indebtedness for which the acquired territory was bound in the other county before its separation therefrom.

2. SAME.  *Acts creating and enlarging.  Effect as to liability.  Case in judgment.*

By an act of the Legislature, approved on the 6th of April, 1874, the county of S. was created, and it was provided that "the said county of S. shall pay its proportional part of the debt of the county or counties from which it is formed." The act defined the boundaries of the territory included within the limits of the new county. By a legislative enactment approved on the 2d of March, 1875, a part of the territory of the county of C. was cut off and added to S., but this act contained no provision making the latter liable for any portion of the indebtedness of the former. No part of the territory of C. was embraced in the act of 1874 creating S. *Held*, that S. is not liable, under these acts of the Legislature, for any portion of the debt of C. because of having acquired territory which, before its separation from C., was liable for the indebtedness of that county. The provision in the act of 1874 making S. liable for its proportion of the debts of the counties from which it was formed, had reference only to the counties from which territory was taken by that act for the original formation of the county of S.

APPEAL from the Chancery Court of Sumner County.

Hon. R. W. WILLIAMSON, Chancellor.

By an act of the Legislature of this State, approved April 6, 1874, a new county was created, and called Sumner. By the seventh section of that act it was provided that "the said county of Sumner shall pay its proportional part of the debt of the county or counties, respectively, from which it is formed; said proportion of such indebtedness to be determined by the assessed value of the real and personal property within its limits." The act described the boundaries of the territory to be included in the new county of Sumner.

By a subsequent act of the Legislature, approved March 2, 1875, a portion of the territory of Chickasaw County was cut

off from that county and added to Sumner. But this act contained no provision making Sumner County liable for any part of the indebtedness for which her newly acquired territory had been liable in Chickasaw County before its separation therefrom. At the time of the passage of the act of 1875, Chickasaw County was indebted in the sum of $62,000 on the bonds of the county issued in favor of a certain railroad company. Sumner County refused to pay any part of this debt. Thereupon the bill in this case was filed in behalf of the Board of Supervisors of Chickasaw County against the Board of Supervisors of Sumner County, to compel the latter county to pay to the former a certain proportion of its indebtedness on the railroad bonds. The bill did not claim that any part of the territory of Chickasaw was taken by the act of 1874 creating the county of Sumner, but that the act of 1875 cut off a portion of the territory of Chickasaw and added it to Sumner. The defendant demurred to the bill; the demurrer was sustained, and the complainant appealed.

*Martin & Bates,* for the appellant.

We maintain that the acts of April 6, 1874 (Laws 1874, p. 220), and of March 2, 1875 (Called Sess., p. 25), are *in pari materia,* and when construed in this light, as the courts have ever done, there is no escape of Sumner from liability in this cause. *Dixon* v. *Doe,* 1 Smed. & M. 70–96; *Grand Gulf Bank* v. *Archer,* 8 Smed. & M. 151–176; *Pons* v. *The State,* 49 Miss. 1–7; *White* v. *Johnson,* 23 Miss. 68–73. It seems to have been the policy of legislation in this State for the last eighteen years to require the new to account to the old county, from which territory has been taken, for a *pro rata* of the indebtedness of the old, and we find no reason why this county should be made an exception to this established policy. But to the reverse. *Shelton* v. *Baldwin et al.,* 26 Miss. 439–443; *Read* v. *Manning,* 30 Miss. 308–318; *Ingraham* v. *Speed,* 30 Miss. 410–412; *Olive, Admr.,* v. *Walton et al.,* 33 Miss. 103–112. Chickasaw should have relief in this cause against Sumner on the principle of contribution, a doctrine well known

and long established at common law. And if from no other reason, a court of equity should take jurisdiction; for it would be iniquitous on the part of Sumner to retain that part of the taxable property now cut off and added to her limits from Chickasaw, and have relief from a *pro rata* liability to the latter for the debt in question. 1 Story's Eq. Jur., sects. 492, 493, 504, 505; 4 Johns. Ch. 338; 1 Cox, 318; 1 Rand. 332, 334; 2 Rand. 53; *Armstrong County* v. *Clarion County*, 66 Pa. St. 218.

*A. F. Fox* and *S. M. Roane*, for the appellee.

The act of March 2, 1875, annexing a part of the territory of Chickasaw County to Sumner County failed to provide that Sumner should pay any part of Chickasaw's indebtedness.

Without entering into an elaborate discussion of the liabilities of counties, which are certainly purely statutory, — not existing at common law, but confined to claims which are authorized by some special statute, — it is thought only necessary to cite here the case of *Laramie County* v. *Albany County*, 92 U. S. 307.

It is contended by counsel for appellant that the act approved April 6, 1874, creating Sumner County, and the act approved March 2, 1875, should be construed together; and inasmuch as the act of 1874 provides that Sumner shall pay her *pro rata* share of the debts of counties out of which it was formed, that she is liable in this instance. But Sumner received no territory from Chickasaw by the act of 1874 creating the county, and at that time the Legislature never contemplated any future change in the boundaries of Sumner. The provision of the act of 1874 making Sumner liable for her *pro rata* of the debts of the counties out of which she was formed, only referred to the counties out of which it was formed *originally*, and can by no possibility apply to any subsequent change in her boundaries.

CHALMERS, C. J., delivered the opinion of the court.

Counties are creatures of legislative will, except in so far

as their existence, rights, and obligations are recognized, protected, or prescribed by the organic law. Where both the Constitution and the statutes are silent, they owe no duties to, and can prefer no demands against, each other by reason of legislative action, however such action may affect their interests. The courts must presume that the Legislature, the arbiter of their destinies, has made such provision in relation to them as it supposed most conducive to the interest of all concerned, and cannot, therefore, supplement legislation by assuming to adjust equities which it ignored. It follows, that where a portion of the territory of one county is by the Legislature annexed to another, the county gaining territory neither acquires any rights nor comes under any obligations to the county losing it, unless the legislative act so provides. It obtains no interest in the property of the diminished county except within the excised portion, nor incurs any of its debts. To this effect seem to be all the authorities, save the case of *Plunkett's Creek* v. *Crawford*, 27 Pa. St. 107, which we decline to follow. *Laramie County* v. *Albany County*, 92 U. S. 307, and cases cited; 1 Dill. on Mun. Corp., sect. 126 *et seq.*

The act by which a portion of the territory of Chickasaw County was ceded to Sumner (Acts 1875, p. 25) contained no provision making the latter liable for any portion of the debts of the former; hence no such liability arose. The fact that by the act originally creating Sumner County it was provided that it should be liable for its proportional part of the debts of the several counties out of which it was formed, does not change the result. The act had reference only to the several counties then affected by it, and cannot be extended through all time to future acts diminishing or enlarging the boundaries of the new county. It does not appear that any portion of Chickasaw went to make up the territory of Sumner as originally formed.

Decree affirmed.