## LEFLORE COUNTY *v.* BOARD OF SUPERVISORS OF CARROLL COUNTY.

1. COUNTY. *Bonds. Recoupment for excised territory.*
   Bonds given by a county to the county, out of the territory of which it was formed, in payment of its share of the latter's indebtedness, estimated on the taxable value of the property taken, are not subject to recoupment for territory given back to the old county by subsequent legislation.

2. SAME. *Change of boundary. Public debt not transferred with territory.*
   A statute which transfers territory from one county to another does not impose a corresponding debt upon the latter unless it so provides, and entitling the legislation an act to " correct a mistake " does not affect the question.

APPEAL from the Circuit Court of Leflore County.

HON. CHAS. H. CAMPBELL, Judge.

*L. P. Yerger,* for the appellant.

Legislation constituting the power to issue the bonds is distinguishable from their consideration, which was the moral obligation resting upon Leflore County to bear a part of the indebtedness of Carroll County proportionate to the taxable property taken.

*Portwood* v. *Montgomery County*, 52 Miss. 523. After the amount of the indebtedness which Leflore County was to bear had been ascertained and the bonds issued, it was ascertained that a mistake had been made in defining the boundaries, and that a part of the property taxed in Leflore was properly taxable in Carroll. A statute to correct this error was passed and the property given back to Carroll. If the mistake had not been made in the former legislation, Leflore County's share of the debt would have been proportionably less, and when the mistake is corrected by the latter statute, the liability to Carroll County should be rateably diminished. These statutes are *in pari materia,* and to be construed together. *Scott* v. *Searles*, 5 S. & M. 25; *Grand Gulf Bank* v. *Archer*, 8 S. & M. 151. Statutes must be construed with reference to the spirit, policy, and object of the legislation. *Ingraham* v. *Speed*, 30 Miss. 410; *Olive* v. *Walton*, 33 Miss. 103. The manifest policy of the legislation is to proportion the indebtedness to the taxable property. Against an individual a county may successfully recoup and as well against a county. *Jefferson County* v. *Arrghi*, 51 Miss. 667. Equity should be enforced by the court in this case.

*T. H. Somerville*, for the appellee.

Compensation for territory taken from a county is not an equitable claim. This controversy is settled by the case of *Supervisors* v. *Supervisors*, 58 Miss. 619. Counties are creatures of legislation, and boards of supervisors have no powers but those which statutes confer. *Layton* v. *New Orleans*, 12 La. Ann. 515 ; Dillon Mun. Corp., § 63 and notes. And the legislature has undoubted right to transfer territory without making compensation. It must be assumed that the legislature has made such provisions as to the counties as it deemed best for all, and the courts cannot supplement the legislation, by assuming to adjust equities which it ignored. As decided in the case of *Jefferson County* v. *Arrghi*, 51 Miss. 667, a county may plead want of consideration as against persons with whom it contracts, for within the powers conferred upon it by the legislature, it has legal rights as against such persons; but as to other counties it has only such rights as are granted by statute.

*T. C. Catchings,* on the same side.

There was no mistake in the former legislation. It fixed the boundary line, and the indebtedness was adjusted in exact accordance with its requirements. The later act merely took from Leflore a certain part of its territory and gave it to Carroll County, without making any provision for a readjustment of the debt. The title of this act, in speaking of a mistake, is improper, but the title is no part of the statute and has no influence on the result. The sole question, therefore, is : can the legislature take from a county a part of its territory and add it to another without providing for compensation ? It is well settled that this is permissible. Perhaps injustice is done to Leflore County, but the law is so written and must be enforced.

*Frank Johnston* and *L. P. Yerger,* for the appellant, in reply.

Leflore County is not precluded from pleading the failure of consideration by the fact that no such power is expressed in the later statute. A marked difference will be noticed between this case and the case of *Supervisors* v. *Supervisors,* 58 Miss. 619, cited for the appellee. In that case no contract between the counties existed, and no mistake was made ; in this we have both elements. That decision must be confined to the case then under consideration. Here we have a mistake of the character which the courts will relieve against. Bouv. Inst. 3831 *et seq.* Mistake for which relief will be given is defined, 2 Bouv. Law Dic. 189, to be an unintentional error arising from ignorance of a fact. The later statute recites the mistake in its title. No doubt exists as to what is intended, for the act to correct the mistake proceeds to make the correction by reforming the boundary line, and giving back to Carroll the territory in question. This is not annexation, but the correction of an error in territory, and this involves necessarily an error *pro tanto* in the bonded debt, and gives the appellant the right to this much reduction.

CHALMERS, J., delivered the opinion of the court.

The act creating the County of Leflore contained the usual requirement that the new county should pay its *pro rata* share of the

debts of the several counties out of which it was formed, the porportion to be estimated according to the taxable value of the territory and property excised from the old counties and ceded to the new one.  Acts of 1871, p. 587.

An accounting based on this standard showed Leflore County indebted to Carroll in the sum of seven thousand five hundred and eighty-five dollars; and for this amount the bonds of the former were executed and delivered to the latter by virtue of a special law authorizing the execution of such bonds.  Acts of 1872, p. 188.

In 1877 a portion of the territory which had been taken from Carroll County in the creation of Leflore was, by the legislature, ceded back to Carroll.  Acts of 1877, p. 59.

Suit has now been brought by Carroll on two of the bonds issued at the time of the original accounting between the two counties, and Leflore pleads by way of recoupment or failure of consideration the diminution of her territory by the act of 1877; in the title of which act, but not in the body, it is styled, " An act to correct a mistake in the boundary line between Carroll and Leflore Counties."  The claim of Leflore County is that, as the bonds sued on were issued upon an estimate of wealth and territory based upon the boundaries as originally created, she is now entitled to a reduction of the bonds corresponding to the diminution of her own area.

This claim cannot be sustained.  No diminution in the amount to be paid was provided for by the act of 1877; and it is settled by the case of *Supervisors of Chickasaw County* v. *Supervisors of Sumner County*, 58 Miss. 619, that a change of boundary lines between counties imposes no pecuniary liability unless specially prescribed by the legislature.

The act under consideration, though it was said in the title to be " to correct a mistake," was nothing but a transfer of territory from Leflore to Carroll, six years after the creation of the former county. During this time Leflore had exercised entire jurisdiction over and enjoyed the revenues derived from the whole territory; and it was for the legislature alone to say what were the pecuniary equities between the two counties with reference to it.  That body having declined to impose any burdens upon Carroll County, on account of

the change of boundaries, the courts are powerless to do so. We are at a loss to know the meaning of the word "mistake" contained in the title of the act of 1877 ; since it must ever be impossible for one legislature to know what was the secret intention of its predecessor when nothing on the face of the former legislation suggests any mistake of any sort.

*Judgment affirmed.*