GULF REFINING CO. *v.* CITY OF KNOXVILLE.

(*Knoxville.*   September Term, 1916).

**LICENSES.   Municipal corporations.   Extraterritorial power.**

Acts 1915, chapter 101, providing for certain privilege taxes on oil warehouses used for the purpose of selling or distributing oil and authorizing each county and municipality in the State to levy a privilege tax on the vocations mentioned, being a purely revenue statute, and not conferring in express terms upon any municipality the power of extraterritorial taxation, did not authorize the city of Knoxville to impose a privilege tax on complainant oil corporation on the storage of its products, and other business done, without the city limits.

Act cited and construed: Acts 1915, ch. 101.

Case cited and approved:   Prescott v. Town of Lennox, 100 Tenn., 591.

Case cited and distinguished:   Gass v. Corporation of Greenville, 36 Tenn., 62.

FROM KNOX.

Appeal from the Chancery Court of Knox County. —WILL D. WRIGHT, Chancellor.

J. PIKE POWERS, JR., for appellant.

FOWLER & FOWLER, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This bill was filed by the Gulf Refining Company, a Louisiana corporation, to enjoin the city of Knoxville from collecting a privilege tax. A demurrer interposed by the city, was overruled, and there was a decree for the complainant below, from which the city has appealed.

The complainant corporation is engaged in the business of selling, distributing, and delivering oil and petroleum products and has a depot, or station, from which it distributes such products, located just across the river from Knoxville and outside the corporate limits.

The city undertook to assess complainant with a privilege tax of $500, by reason of the business carried on by complainant at the location mentioned. Authority for such action of the city is supposed to be derived from chapter 101 of the Acts of 1915.

This statute was the general revenue bill of that session of the legislature, and provides that certain vocations are declared to be privileges, and fixes the rate of taxation on privileges there enumerated. Among other things, it is enacted that:

"Each and every person, firm, partnership, corporation, or local agent having oil depots, storage tanks or warehouses for the purpose of selling, delivering or distributing oil of any description and each and every person, firm, partnership, corporation

or local agent using a railroad car or railroad depots for such purposes shall pay a privilege tax as follows: In cities, towns, or taxing districts of thirty thousand inhabitants or over, or in territories within five miles of the limits of such town, or taxing district, each, per annum, $500,00.'' Section 4, p. 272.

Section 2 of the act authorizes each county and municipality in the state to levy a privilege tax upon the vocations and occupations mentioned, not exceeding in amount the privilege tax levied by the State.

The scheme of grading, or classification, adopted by chapter 101 of the Acts of 1915, with reference to privilege taxes, is the same scheme that has been followed in Tennessee for many years. The amount of the privilege tax is regulated by the population of the locality in which the business is situated. A higher tax is exacted in the more populous communities. The statute does not confer upon any municipality or county, the right to levy a privilege tax upon any business, unless that business has a *situs* within the particular municipality or county. An oil business located in a city of thirty thousand inhabitants, or within five miles of the limits of such a city, is subject to a privilege tax of $500 per annum. If it is located within the city such a tax may be assessed against it by the city; if located outside the city, such privilege tax can only be exacted by the county and State.

We find nothing in the statute conferring upon any municipality an extraterritorial power of taxation.

This court long ago said:

"The power and jurisdiction of the corporation, it must be remembered, are confined to its own limits and to its own internal concerns; and its by-laws are binding upon none but its own members, and those properly within its jurisdiction." *Gass* v. *Corporation of Greeneville* (4 Sneed), 36 Tenn., 62.

See, also, *Prescott* v. *Town of Lennox,* 100 Tenn., 591, 47 S. W., 181.

There is some doubt as to whether the power of taxation can be conferred upon a municipality with reference to property located beyond its limits. Under any circumstances, however, such power must be conferred in unmistakable language, and cannot arise by implication.

The city of Knoxville has assessed a peddler's tax against the complainant for running its wagons and selling its products therefrom in the city. This tax has been paid. The city, however, is without authority, under the act of 1915, purely a revenue statute, to levy a tax on the storing of its products and other business done by complainant without the city limits.

The foregoing construction of the act of 1915 renders is unnecessary to consider the constitutional questions presented.

There was no error in the decree of the chancellor and it will be affirmed with costs.