JOHNSON TRANSFER & FREIGHT LINE, INC., COMPLAINANT, APPELLANT, *v.* MARION COUNTY, *et al.*, DEFENDANTS, APPELLEES.

(*Nashville*, December Term, 1931.)

Opinion filed, June 4, 1932.

WILKERSON & WILKERSON, for complainant, appellant.

S. P. RAULSTON, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit to recover a privilege tax paid under protest. The chancellor dismissed the bill.

The complainant is a corporation operating a line of trucks between Nashville and Chattanooga for the transportation of freight. The stipulation upon which the case was tried recites that it has paid a privilege tax levied by the State of Tennessee and a privilege tax levied by the County of Hamilton, but it denies its liability for a privilege tax to other counties which its route traverses. The principal office and place of business of complainant is in Hamilton County.

Defendant Marion County undertakes to sustain its right to levy a privilege tax upon the complainant under the Revenue Act of 1927, being chapter 89 of the Acts of that year declaring the several vocations and occupa-

tions therein named to be privileges and fixing the rates of taxation of such privileges. The statute provides that "each county and municipality in this State is hereby authorized and empowered to levy a privilege tax upon merchants and other such vocations, occupations or business as are named in this Act and declared to be privileges, not exceeding in amount that levied by the State for State purposes, and except as hereinafter provided." Among the other provisions, appears the following:

"AUTOMOBILE TRANSFER COMPANIES.

Any person, firm or corporation engaged in the transfer business, or hauling household goods, baggage, express, merchandise, or any other article as freight, for which a charge is made, shall be taxed as follows:

Operating from one to five trucks per annum....$ 50.00
Operating from five to ten trucks, per annum.... 100.00
Operating from 10 to 15 trucks, per annum...... 150.00
Operating over 15 trucks, per annum........... 200.00
Provided, that owner driving his own truck, within the corporate limits of any city, shall only pay $10.00 per annum, where the tonnage of the truck is two tons or less."

Although some of the activities of a business enterprise are pursued in more than one county or municipality, similar Revenue Acts have not ordinarily been construed to authorize any municipality or county to levy a privilege tax upon any business, unless that business had a situs within the particular municipality or county. *Gulf Refining Co.* v. *Knoxville,* 136 Tenn., 253.

It seems to us that chapter 89 of the Acts of 1927 was passed with this rule in mind. This Act, in fixing the privilege tax upon construction companies (page 305),

provided that licenses could not be taken out for less than one year and that they were payable in each county where work was performed. Respecting electric light and power companies, it was provided (page 308) that the tax should be collected in each county or taxing district where power was sold. As to gypsy bands and the like (page 314), a privilege tax was levied "per annum, per county." With reference to lightning rod dealers or agents (page 315), it was enacted that each dealer or agent in each county should pay an annual privilege tax. And upon peddlers (page 324), a privilege tax was levied upon each wagon, truck, auto, or vehicle in each county.

We accordingly conclude, if it had been the legislative intent to subject automobile transfer companies to a privilege tax in each county through which their trucks ran, this intent would have been expressed as in the instances above noted.

It is stipulated herein that the complainant has never had an office or situs in Marion County; that it carries merchandise and other property from Chattanooga to Nashville and *vice versa,* and between such intermediate points as it is authorized to do, which points include five places in that county. In practice it appears that the complainant, except for passing through Marion County with its trucks, has confined its business therein to "occasionally putting off small amounts of freight at Dove and Monteagle."

The certificate of convenience and necessity from the Railroad and Public Utilities Commission, under which the complainant operates, directly authorizes it to operate as a motor vehicle carrier for the transportation of

property between Chattanooga and Nashville. The certificate contains this limitation:

"This certificate does not authorize the transportation of local freight between Manchester and Nashville and intermediate points, and between Jasper and Chattanooga and intermediate points."

The complainant is directly authorized to transact business in two counties, Hamilton and Davidson. By implication the permit from the Commission empowers the complainant to transact business in three counties, Coffee, Grundy and Marion, the highway between Manchester and Jasper passing through those three counties.

By implication, also the permit would seem to empower the complainant to transact some business in Rutherford County, through which the highway passes. It could not haul freight from Nashville or Manchester to points in Rutherford County, or from points in Rutherford County to Nashville or Manchester, but apparently it could haul freight from Chattanooga to points in Rutherford County and from points in Rutherford County to Chattanooga. Likewise as to Bedford County and points therein.

So under its certificate of convenience and necessity, the complainant may do some business in any of the counties along its prescribed route. If one of these counties, not the county of its situs, may levy this privilege tax, all may. Such a result, in our opinion, was not within the contemplation of the legislature.

We do not have before us the question as to whether an enterprise such as complainant's, in the absence of more specific legislation, may so conduct its business as to have a situs for privilege taxation in more than one county. The activities of this complainant in Marion County have not been sufficient, as a matter of

fact, to constitute doing business in that county. It has done practically nothing there, except to run its trucks through that county on a highway maintained by the State.

The general provision of our revenue acts that "each county and municipality in this State is hereby authorized" to levy privilege taxes corresponding with those levied by the State cannot be literally interpreted. That would authorize every county to assess every privilege exercised in every other county.

Reversed and decree for complainant.