497 So.2d 433 (1986)
WARREN COUNTY, Mississippi
v.
George CULKIN and Mark J. Chaney.
No. 56403.
Supreme Court of Mississippi.
November 5, 1986.
*435 Gerald E. Braddock, Ellis, Braddock & Bost, Vicksburg, for appellant.
M. James Chaney, Jr., Landman Teller, Jr., Teller, Chaney & Rector, Vicksburg, for appellee.
Edwin Lloyd Pittman, Atty. Gen. by Pete J. Cajoleas, Asst. Atty. Gen., Jackson, Dorrance Aultman, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, for amicus curiae.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
At its core this case presents the question whether a board of supervisors of a county in this state has authority to secure group life, medical and accident insurance for the benefit of employees of fee paid officials such as chancery clerks and circuit clerks, or both, and pay the premiums for such insurance out of general county funds. The Circuit Court answered the question in the affirmative. Being of the opinion that the Circuit Court was by and large correct in its reasoning, we affirm.
This civil action has its genesis in the year 1980 and more particularly in the October 1980 decision of the Board of Supervisors of Warren County, Mississippi, to procure group health and life insurance for the benefit of all county employees. Included in the program were 183 individuals working in various offices and departments of the county. Of that 183, some 10 such individuals are in controversy here: seven employees of the Chancery Clerk of Warren County and three employees of the Circuit Clerk, all of whom are officially designated as deputy clerks. Miss. Code Ann. § 9-5-133 (1972).
From October of 1980 until November of 1984, the only event of consequence was that the cost of insurance premiums paid by the county roughly doubled. At that time a new county comptroller came on the scene and suggested that the Board of Supervisors had no authority to pay premiums for such insurance for the employees of the chancery and circuit clerks. The Board of Supervisors reviewed the matter, determined that the comptroller was correct and demanded that the two clerks reimburse the county for funds expended by the county for insurance premiums for the employees of the clerks' offices, but not for the clerks themselves. The reason for this action was that the deputy clerks were not county employees but rather the personal employees of the respective clerks.
In response, Chancery Clerk Mark J. Chaney, under protest, paid to the county $11,722.53. Similarly, Circuit Clerk George Culkin, under protest, reimbursed the county for the sum of $6,351.03. Upon making these payments, Chaney and Culkin on December 2, 1984, brought this action in the Circuit Court of Warren County demanding, inter alia, a declaration that the Warren County Board of Supervisors had the authority to procure and pay for such health and life insurance for the benefit of deputy clerks and that the Supervisors had effectively exercised that authority. Further, Chaney and Culkin demanded reimbursement for the sums they had paid under protest. In an opinion released February 8, 1985, the Circuit Court held that the deputy clerks were county employees to the extent necessary that the Board of Supervisors had authority to procure the insurance for their benefit and pay for same out of general county funds. The Circuit Court further held that the Board of Supervisors had exercised this authority in the premises and, therefore, judgment was entered in favor of Chaney and Culkin in the amounts of $11,722.53 and $6,351.03, respectively.
Warren County has appealed to this Court urging that, as a matter of law, the judgment below be reversed and rendered. Because the case has statewide implications, we have invited briefs of and from the Attorney General of the State of Mississippi, the Board of Supervisors Association, the Chancery Clerk's Association and the Circuit Clerk's Association. The Attorney General has filed a brief urging reversal. The Circuit Clerk's Association has filed a brief urging affirmance. The Chancery *436 Clerk's Association has adopted the brief filed on behalf of Appellee Chaney and has urged affirmance. The Board of Supervisors Association has made no filing.
There are two questions which are not before us:
(1) Whether the legislature has the authority to empower boards of supervisors to make expenditures from general county funds for insurance premiums for the benefit of employees of the circuit clerk or chancery clerk, and (2) whether the legislature ought or should exercise such authority. On this latter score, the briefs filed on behalf of Warren County and the Attorney General at numerous points have found irresistible the argument supporting their obvious view that the law shouldn't allow what the Circuit Court has held it allows.
Moreover, there can be no serious question but that the Warren County Board of Supervisors has in fact, for the period October 1980 to November 1984, effectively procured group life, medical and accident insurance for the benefit of county employees, including employees of the offices of Chancery Clerk and Circuit Clerk. We do not understand the Appellant Supervisors to question seriously the Circuit Court's ruling that in fact the Supervisors had procured the insurance for the benefit of the individuals in controversy.
The question presented  in our view, the sole question  is whether the Board of Supervisors of Warren County had lawful authority to do what it did (and what it obviously now wishes it had not done). In that regard we consult the enactments of our legislature, for it is well recognized that a board of supervisors possesses only that legal power which has been vested in it by statute. See H.K. Porter Co., Inc. v. Board of Supervisors of Jackson County, 324 So.2d 746, 754 (Miss. 1975). Our touchtone is Miss. Code Ann. § 25-15-101 (Supp. 1985), which, in pertinent part, provides:
The governing board of any county ... are hereby authorized and empowered in their discretion to negotiate for and secure for all or specified groups of employees and their dependents of such county . .. a policy or policies of group insurance covering the life, salary protection, health, accident and hospitalization ... of such of its employees and their dependents as may desire such insurance. [Emphasis supplied]
All agree that, if the board of supervisors has the authority suggested here, that authority must be found in Section 25-15-101.
The Supervisors and the Attorney General employ varying rationales en route to their ultimate premise  that deputy clerks are the personal employees of the circuit and chancery clerks, respectively. They note that the salaries of deputy clerks are paid from the personal funds of the circuit and chancery clerks, and that the circuit and chancery clerks are vested with sole authority to hire and fire. But these matters may be so and the deputy clerks still within the scope of Section 25-15-101, a matter to be determined by reference to what the legislature hath enacted and not the generic nature of deputy clerks. We give to a statute (or any other rule of law, for that matter) that meaning which best fits its language, history and spirit recognizing the electromagnetic force of positive principles embedded in other rules. See Dworkin, Law's Empire 313-54 (1986).
Our task is ascertainment of the best meaning we may attribute to the words "all or specified groups of employees ... of such county."[1] In seeking the meaning which best fits this wording, we consider of great importance the language of the statute which makes the exercise of the authority granted discretionary with the board of supervisors. Because deputy clerks perform valuable services from *437 which the public benefits, good sense attends allowing, though not mandating, boards of supervisors to augment the rewards given those deputies by affording such insurance coverage. Conversely, it is difficult to imagine on what rationale the board ought be prohibited such discretionary authority. Certainly not on grounds that the salaries of the deputies are paid from personal funds of the clerks nor that the clerks have the exclusive right to hire and fire. The fee basis for financing the offices of circuit and chancery clerks does not change the fact that these are offices performing services that benefit the public wherein the public has, if through its elective representatives it wishes, the prerogative of acting to keep these employees happy.
We need only open our eyes to see other respects in which public resources, as distinguished from the private resources of the clerks, are employed for the benefit of deputy clerks. Individuals holding the office of deputy circuit clerk and deputy chancery clerk participate in the State Employees Retirement Plan. They are provided at the expense of the county, not the clerk, various conveniences enabling them better to perform their public duties, ranging from office space, furniture, equipment and supplies, to utilities to parking spaces. These facts, however, do not establish the meaning of Section 25-15-101. They show only that there is no consistent pattern in our law of treating deputy clerks as exclusively personal employees of the clerks themselves, on the one hand, or as exclusively public employees, on the other. By reference to the language of the statute, these employees are in fact and in law partially "its [the county's] employees" and partially the clerks'.
Section 25-15-101 is codified in Art. 3, Ch. 15 of our Code under the title "Group Insurance For Employees of Local Government and Their Institutions and Agencies." Article 1 provided such insurance for state employees and in that connection we note that the term "employee" has been defined as
any `employee' making contributions to the State of Mississippi retirement plan shall be considered a full time employee.
Miss. Code Ann. § 25-15-3(a) (Supp. 1985). This definition, if it applied in the case at bar, would answer the question in favor of affirmance. All deputy clerks participate in and make contributions to the state retirement plan. Strictly speaking, however, the definition applies only to Article 1 and the matter of health and life insurance for state employees. No such definition appears in Article 3 regarding such insurance for county and local employees. Still the Section 25-15-3(a) definition exerts an electromagnetic force which may be resisted only by an apparent rationale why the definition of "employee" should be different in the case of county and local employees. When we consider that the authority vested in the supervisors by Section 25-15-101 is discretionary, not mandatory, no such rationale appears.
There is a further anomoly in the position of the Supervisors, though not a dispositive one. The Supervisors concede that Mark J. Chaney, as Chancery Clerk, and George Culkin, as Circuit Clerk, are county employees for whom insurance may be procured by the Supervisors under Section 25-15-101. But these clerks are not paid by a county paycheck, nor are they subject to being hired, fired or disciplined by the Board of Supervisors. The circumstances of these two clerks and their relationship to county government and to the public at large are more similar to those of the deputy clerks than those of the other county employees with whom they have (at least by the Appellant Supervisors) been grouped. Exclusion of the deputy clerks from coverage would be incoherent in principle with our treatment of the clerks themselves.
These thoughts in mind the best reading we may give the statutory phraseology "all or specified groups of employees" and thereafter "its employees" is one which includes within the discretionary authority thus conferred all deputy circuit clerks and deputy chancery clerks. A board of supervisors, of course, retains the authority to exclude such deputy clerks if it *438 so wishes, or to delete them from coverage if coverage has once been provided.[2]
In sum and substance, we hold that from 1980 to 1984 the Warren County Board of Supervisors, by virtue of Miss. Code Ann. § 25-15-101 (Supp. 1985) had lawful authority to obtain group life, medical and accident insurance for the benefit of county employees and to include within the employees so benefited employees/deputy clerks of the offices of the Chancery Clerk or the Circuit Clerk and to pay the premiums for such insurance out of general county funds. The declaratory judgment to that effect entered by the Circuit Court is affirmed, as are all remaining portions of that judgment.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] An earlier version of Section 25-15-101 appears to have authorized insurance coverage for "the regular employees" of the county. Miss. Code Ann. § 5649(1) (1942). The law was amended in 1974 to substitute the phraseology "all or specified groups of employees." Miss. Laws, 1974, ch. 535, § 1. We find little significance in this change in statutory wording, except that there should be no further doubt that the insurance coverage may, at the supervisors' discretion, be obtained at county expense for less than all county employees.
[2] The statute further authorizes conditional or sharing arrangements with these clerks. For example, a board of supervisors, if it wished to do so, could agree with the clerks to share premium expenses on a fifty-fifty or any other mutually acceptable basis.