RANKIN COUNTY, MISSISSIPPI *v.* WALLACE, MINOR

No. 40408          February 25, 1957          92 So. 2d 661

W. E. *McIntyre, Jr.*, Brandon, for appellant.

*John C. McLaurin, Joe R. Bullock, Jas. A. Morrow, Jr.,* Brandon, for appellee.

HOLMES, J.

This is an appeal from a judgment of the Circuit Court of Rankin County rendered in favor of the appellee and against the appellant for damages in the sum of $5,000 for personal injuries sustained by the appellee while riding as a school pupil in a school bus owned and operated by appellant.

The suit is brought under Section 18 of Chapter 15 of the Mississippi Laws of 1953, enacted at the Extraordinary Legislative Session. The provisions of the act relied upon are also set forth in Section 6336-19 (a), (b), (c), and (d) of the 1956 Cumulative Supplement to Recompiled Volume 5 of the Mississippi Code of 1942, pertinent parts of which are as follows:

"(a) In the event of any accident or injury to any school pupil arising out of the negligent operation of any school bus or other vehicle owned by any county or municipal separate school district, or operated by such county or municipal separate school district, by private contract, for the transportation of pupils to and from the schools of such county, or any injuries and/or damages arising by reason of negligence in the maintenance, upkeep, repair or mechanical failure of such vehicle, any pupil receiving such injuries or sustaining such damages

shall have a right of action against the county or municipal school district which operates such vehicle, and such county or municipal separate school district may not plead the defense of governmental immunity in bar to any such action or recovery. Such suit may be tried as other civil actions .... In the event counsel is employed by the claimant, his fees, if any, shall be fixed by the ...... circuit judge if judgment is taken in the circuit court, such fee to be paid by claimant."

It is further provided in the act that each county and municipal separate school district operating vehicles for transportation of children shall annually contribute to a fund in the state treasury to be known as the "Accident Contingent Fund" on the basis of $5.00 for each school bus or other vehicle used by such county or municipal separate school district for transportation of children to and from the public schools, regardless of whether such vehicle is owned by such county or municipal separate school district or operated under contract with a private owner.

The act further provides that when said fund shall have reached the amount of $100,000, no further contributions are required of the county or municipal separate school district until said fund shall have been depleted to the amount of $25,000.

It is further provided in the act that compensation on any claim shall be disbursed from the "Accident Contingent Fund" and that no such claim arising from such accident shall exceed the total amount of $5,000, exclusive of court costs, for any one child sustaining injuries or damages, and that no such claim shall be paid from any other fund other than the said "Accident Contingent Fund."

The suit arose out of a collision between two school busses which were admittedly owned and operated by appellant, and on one of which the appellee was being transported as a school pupil to the Brandon School

which she attended. The bus in which the appellee was riding was being driven by one Jack McRae, as a servant and employee of the appellant, and was proceeding in an easterly direction on the Monterrey-Thomasville road in Rankin County. The other bus was for the transportation of colored school pupils who attended the New Hope School in Rankin County, and was being driven along said road in a westerly direction by one Cutee Taylor, a negro, who was then acting as a servant and employee of appellant. The two busses approaching each other from opposite directions met in a curve in the road and collided, resulting in the serious injury of the appellee. There was proof that the road was narrow and that as the drivers approached the curve, neither could see around it because of the sharpness of the curve and because of bushes grown up along the road side. There was also proof that the driver of the bus in which appellee was riding approached the curve traveling downgrade at a rate of speed of about 35 to 40 miles per hour without slackening his speed, and that the driver of the colored bus approached the curve at a rate of speed variously estimated at from 15 to 40 miles per hour.

The case was submitted to the jury under instructions which left to the determination of the jury the issue of negligence and the issue of damages. The jury resolved these issues in favor of the appellee and were amply warranted under the evidence in doing so

■■ ■ The appellant does not challenge the verdict of the jury as to the issue of liability, and no question is presented on this appeal as to the sufficiency of the evidence to establish the appellant's liability. The only assignments of error are (1) that the court erred in instructing the jury that they might in assessing damages consider as an element of damages the disfigurement of the appellee, if any, caused by her injuries, and (2) that the verdict of the jury is so grossly excessive

as to evince bias, prejudice and passion on the part of the jury.

The question as to the right of appellee to recover damages for permanent disfigurement and mutilation of her body resulting from her injuries is foreclosed by the decision of this Court in the case of Vascoe v. Ford, et al, 212 Miss. 370, 54 So. 2d 541, wherein all prior decisions of this Court holding to the contrary were overruled and wherein it was held that such damages were recoverable. We are of the opinion, therefore, that the trial court committed no error in granting the instruction complained of.

■■■ We come to the only remaining contention of the appellant on this appeal, namely, that the verdict of the jury is grossly excessive. The proof as to the nature, extent, painful character and seriousness of the personal injuries sustained by the appellee, and her disfigurement resulting therefrom, is not disputed. The collision occurred on Wednesday morning, October 26, 1955. At that time the appellee was a young girl 15 years of age, and was in good health and was of striking and attractive appearance as indicated by her picture taken before the accident and introduced in evidence. The collision was of such violence that she was hurled through the windshield of the bus and rendered unconscious. She remained unconscious until the following Saturday morning, when she regained consciousness in the Baptist Hospital in Jackson. Both of her lower jaws were broken, and two of her teeth were knocked out. She was taken to surgery and her mouth was wired and lacerations on the inside of her mouth were repaired. Following this operation, and for thirty days thereafter, she was unable to open her mouth sufficiently to take anything but liquids, and she lost 25 pounds. She had multiple lacerations of her face and bled profusely. She had multiple abrasions of her right wrist and her knee. She had both cheek bones fractured.

She remained in the hospital for about six days, during which time she suffered such pain that it was necessary to administer shots to her every four hours. She was unable to return to school until November 21, 1955, and after her return to school she was unable to accomplish anything in her studies for sometime because of her suffering. She had a scar about one and one-half inches long extending from her mouth down to her chin. She also had a scar about one inch long under her eye. She also had a scar through her eyebrow and into her forehead about one and one-half inches long. These scars on her were pointed out before the jury by Dr. Ross, her doctor, and the jury were permitted to themselves observe her disfigurement resulting from her injuries.

The extensiveness and seriousness of her injuries and the pain and suffering which she endured as a result thereof are manifest from the evidence. In addition, the appellee's facial disfigurement resulting from her injuries, and which the jury were permitted to observe on the trial and evaluate, was a substantial element of damages particularly to a youg girl. Whether it be true or not, as is sometimes said, that a young girl's face is her fortune, it must be conceded by even the elder members of the opposite sex that it is a valuable asset, the impairment of which results in substantial damage. We are accordingly of the opinion that we would not be warranted in disturbing the verdict of the jury on the grounds that the damages awarded are grossly excessive.

The appellee contends that she is entitled to interest on the judgment rendered in the court below under Section 39 of the Mississippi Code of 1942, and to five percent damages thereon on the affirmance of such judgment in accordance with Section 1971 of the Mississippi Code of 1942, and that this Court should so order on the affirmance of such judgment. The statute under which this suit is brought makes no provision for

interest, and our interest statutes, Sections 36 and 39 of the Mississippi Code of 1942, do not specifically name or embrace the State or its political subdivisions. It is well settled under the decisions of this Court that our general interest statutes on the subject of interest have reference to the contracts of and judgments against individuals and not to the contracts of and judgments against the State or its political subdivisions, and that a county is not liable for interest on a claim against it in the absence of a contract therefor or a statute authorizing the recovery of such interest. Board of Supervisors v. Klein, 51 Miss. 807; Clay County v. Chickasaw County, 64 Miss. 534, 1 So. 753; Moore v. Tunica County, 143 Miss. 839, 108 So. 900; City of Natchez v. McGehee, 157 Miss. 225, 127 So. 903.

Likewise this Court has held that the five percent damages on a judgment or decree under Section 1971 of the Mississippi Code of 1942 are not allowable against the State or its political subdivisions. Covington Co. v. Miss. Road Supply Company, 59 So. 2d 325; Morehead Drainage District v. Pedigo, 210 Miss. 284, 49 So. 2d 378.

■■ We are accordingly of the opinion that the judgment of the court below should be affirmed but without the allowance of interest or the five percent damages thereon.

■■ The appellee also seeks to have this Court fix a reasonable attorney's fee for the services of her attorney on this appeal. The statute under which this suit is brought provides that in the event counsel is employed by the claimant his fees, if any, shall be fixed by the circuit judge if judgment is taken in the circuit court, such fee to be paid by the claimant. The circuit judge in the court below fixed the fee of the attorney for the appellee at $1666, or approximately 33-1/3% of the amount of the recovery. It is not necessary for us to decide, and we do not decide, whether this Court

would be authorized under the statute to fix an additional fee to be paid by the appellee to the attorney for his services on this appeal. It is sufficient to say that we think the fee fixed by the circuit judge is an adequate fee for the services of appellee's counsel, including his services on this appeal, and we would not feel justified in fixing an additional fee even if this Court had the authority under the statute so to do.

It follows from what has been said that the judgment of the court below should be and it is affirmed, but without the allowance of interest or five percent damages thereon.

Affirmed.

*McGehee, C. J.*, and *Hall, Kyle* and *Gillespie*, JJ., concur.