457 So.2d 337 (1984)
CITY OF MOUND BAYOU
v.
ROY COLLINS CONSTRUCTION COMPANY, INC. and D.D. Freeland Construction Company d/b/a a Joint Venture.
No. 55841.
Supreme Court of Mississippi.
September 19, 1984.
*338 Tyree Irving, Greenville, for appellant.
William S. Adams, Jr., Cleveland, for appellee.
Before WALKER, P.J., and ROBERTSON and SULLIVAN, JJ.

ON MOTION TO DOCKET AND DISMISS
ROBERTSON, Justice, for the Court:

I.
This matter is before the Court today on Appellees' motion to docket and dismiss. At issue is whether an incorporated municipality may be exempt from our general rule[1] requiring that an appellant make a deposit for court costs in order to perfect its appeal. Also at issue is the extent to which our recently promulgated Rule 48, regulating the perfection of an appeal, supersedes the former statutory procedural requirements for designation of the record on appeal and giving notice thereof to the court reporter.[2]
These matters are not without importance, theoretical and practical, nor have their contours and answers heretofore been clear. We hope they may now become so.

II.
The procedural history of this case, in pertinent part, begins on April 23, 1984. On that date, the Circuit Court of the Second Judicial District of Bolivar County, Mississippi entered judgment in the amount of $215,679.47 in favor of Roy Collins Construction Company, Inc. and D.D. Freeland Construction Company, d/b/a A Joint Venture, ("Collins and Freeland" or sometimes "Appellees") and against the City of Mound Bayou, Mississippi ("the City"), an incorporated municipality of the State of Mississippi.
Twenty-eight days later, on May 21, 1984, the City filed with the Clerk of the Circuit Court its notice of appeal. On the same day, in lieu of prepayment of costs as ordinarily required by Rule 48(h), the City of Mound Bayou filed with the Clerk of the Circuit Court a document which provides
CERTIFICATE REQUIRED BY RULE 48(h)(1) OF MISSISSIPPI SUPREME COURT RULES
Comes now the city of Mound Bayou, defendant herein, by and through one of its attorneys of record, and estimates the cost of preparation of the record on appeal, including, but not limited to, the cost of the preparation of transcript, to be $1,200.00. However, said sum is not being tendered to the Clerk of the Court at this time because under the provisions of Mississippi Code Annotated § 11-51-101 (Supp. 1983), defendant city of Mound Bayou is entitled to appeal without prepaying the estimated cost.
 This 21st day of May, 1984.
 Respectfully submitted,
 CITY OF MOUND BAYOU
 BY: /s/ Tyree Irving
 TYREE IRVING
 Walls, Buck & Irving, Ltd.
 163 North Broadway Street
 Post Office Box 634
 Greenville, Mississippi XXXXX-XXXX
 (601) 335-6001
 One of the Attorneys for the

*339 CITY OF MOUND BAYOU
No deposit for costs was made and, apparently, no such deposit has been made to this date.
Thereafter, on June 22, 1984  some 32 days following the attempted perfection of the appeal  the City of Mound Bayou filed with the clerk of the Circuit Court a designation of the record on appeal which provides as follows:
DEFENDANT'S DESIGNATION OF RECORD
Now comes the city of Mound Bayou, by and through one of its attorneys of record, and designates the entire record, including all pleadings (both pretrial and postrial), discovery documents, witness testimony, proceedings in chambers, and opinions, decisions and orders of the Court, for inclusion in the record on appeal.
 Respectfully submitted,
 CITY OF MOUND BAYOU
 BY: /s/ Tyree Irving
 TYREE IRVING
 Walls, Buck & Irving, Ltd.
 163 North Broadway Street
 Post Office Box 634
 Greenville, Mississippi XXXXX-XXXX
 (601) 335-6001
 One of the Attorneys for the
 CITY OF MOUND BAYOU
Collins and Freeland now employ two separate tactics in an attempt to short circuit the City's appeal before it really gets started. First, Collins and Freeland contend that the City's failure to make the cost deposit ordinarily required by Rule 48(h)(1) within 30 days following entry of judgment means that the appeal has not been perfected and now may never be perfected. Second, Collins and Freeland argue that the City failed to designate the portions of the proceedings at trial to be transcribed within ten days of the perfection of the appeal as heretofore required by Miss. Code Ann. § 9-13-33 (Supp. 1983). This, too, say Appellees, means that the City's appeal has been fatally lost.

III.

A.
The primary issue presented on the instant motion is whether the City of Mound Bayou, as an incorporated municipality of the State of Mississippi, is obligated by Rule 48(h)(1) to prepay costs as an incident to the perfection of an appeal. There is no question but that other appealing litigants are so required. The City, however, cites Miss. Code Ann. § 11-51-101 (1972) and argues that it has been exempted from that requirement.
Appellees Collins and Freeland counter (assuming arguendo that the City's construction of Section 11-51-101 is correct as an original proposition) that this statute has been overridden by Rule 48(a) which provides
In all cases, both civil and criminal, in which an appeal is permitted by law as of right to the Supreme Court, there shall be one procedure for perfecting such appeal. That procedure is prescribed in this rule. All statutes, rules or decisions in conflict with this rule shall be of no further force or effect. [Emphasis added]
A problem with the City's argument at the outset is that it fails to keep well in mind the distinction between a supersedeas bond, on the one hand, and a deposit for or prepayment of court costs, on the other. The statute invoked by the City, Section 11-51-101(a), exempts the City from having to secure and file a supersedeas bond in order to prevent enforcement of the judgment pending appeal. We find nothing in that statute mentioning the City's liability for prepayment of court costs or the like. The statute reads:
(a) The state, and any county, city, town or village thereof, and the officials representing the state, county, city, town or village, in any suit or action, ... shall be entitled to appeal from a judgment, decree, decision, or order of any court or judge, from which an appeal may be taken, without giving an appeal bond; and *340 in such case, if an appeal bond would operate as a supersedeas in favor of a private person, the appeal, without bond, shall have the same effect in the cases herein provided for and this provision shall apply to all the courts of the state. [Emphasis added]
The instant controversy regards the prepayment of court costs, primary among which are the fees of the court reporter for preparation of the transcript. Section 11-51-101(a), however, appears to concern only "appeal bonds" which "would operate as a supersedeas". This latter language contemplates a situation where, as here, a monetary judgment has been entered against the City. Whereas a private litigant would have to file a supersedeas bond in order to be secure from execution on the judgment pending appeal, Section 11-51-101(a) provides without doubt that the City of Mound Bayou may take this appeal without bond.
We retreat to a more basic point of beginning. Neither the state nor any of its political subdivisions has any liability to pay anything to anybody, except as expressly authorized by law. Such laws are ordinarily found in statutory form. Occasionally they undergird and are embodied in the holdings of this Court. See Pruett v. City of Rosedale, 421 So.2d 1046, 1051-52 (Miss. 1982) (partial abolition of sovereign immunity). We thus consider whether, prior to the advent of our Rule 48, there was any valid rule of law in this state obligating political subdivisions, when appealing to this Court, to prepay court costs.
In this context, Section 11-51-101 is by no means irrelevant to the issue at bar. This statute may not do what the City hopes, but it is nevertheless a manifestation of the public policy of this state to the effect that any of its political subdivisions are generally entitled to litigate without being deprived of the use of its assets during the pendency of the litigation.
A further manifestation of that public policy is Miss. Code Ann. § 11-53-13 (1972). That statute provides
Neither the state, nor any county, city, town, or village, ..., shall be required to pay costs before commencing a suit, nor to give security for costs before or after the commencement of a suit.
This statute appears to relate to the action in the trial court. No exaggeration of its words or their meaning is necessary to have it read "...[No] city ... shall be required ... to give security for costs ... after the commencement of a suit"  an appeal, of course, occurring after the commencement of a suit.
The public policy noticed here is but one segment of the rule of sovereign immunity stated above, that no political subdivision may be required to respond in judicial proceedings except as has been expressly authorized by law. Also derived from this public policy are our rules that statutory damages may not be assessed on appeal where a judgment against a political subdivision is affirmed, Rankin County, Mississippi v. Wallace, 230 Miss. 413, 420, 92 So.2d 661, 665 (1957), that a political subdivision is not liable for interest on a judgment, City of Jackson v. Reed, 233 Miss. 280, 305-307, 103 So.2d 6, 7-8 (1958), and, in general,
"that a subdivision of the state is not liable for costs unless the statutes expressly so allow or provide."
Moorhead Drainage District v. Pedigo, 210 Miss. 284, 297, 49 So.2d 378, 383 (1950).
That political subdivisions may ultimately be stripped of their sovereign immunity, which has heretofore shielded them from the payment of damages in certain types of cases,[3] does not suggest that they be denied the privilege of litigating and appealing without prepayment of costs, for the public policy underpinnings of that immunity remain strong. Any such prepayments must necessarily be made out of the public coffers. The monies there ought be committed, *341 to the extent consistent with justice and fairness, to the funding of needed public services and benefits.
The point is made by a consideration of what would happen if an appealing political subdivision such as the City of Mound Bayou were ultimately to prevail on appeal. If it prevailed, this would no doubt be because this Court held, when the controlling rules of law were applied to the facts of the case, that the City was not liable. If, however, the City had been required to prepay court costs, it would have lost the use of the sums so prepaid during the time the case was pending on appeal, which, as everyone knows, can frequently run to two years or more. And the public would have been deprived of the services that could have been purchased with those monies.
There is a further consideration applicable in those cases where the political subdivision may become liable for costs if it be unsuccessful on its appeal. Such litigants are invariably solvent, and if worse comes to worst, they have the authority to tax. There is no appreciable risk that such litigants will fail to respond to any order for the assessment of costs.
We find that, prior to the promulgation of Rule 48, there was in effect a valid rule that permitted the state and its political subdivisions to appeal without prepayment of costs. Collins and Freeland have suggested no authority to the contrary. This brings us to the question presented: whether Rule 48 abrogates this immunity from prepayment of costs. We hold that it does not.
Rule 48 sets forth a single (and, hopefully, simple) procedure for the taking of an appeal to this Court. The promulgation of that rule for the accomplishment of that purpose was well within the authority of this Court. The suggestion tendered by Collins and Freeland here, however, would carry us beyond our authority, for these Appellees would have us invade and supersede a long-established important public policy of this state and a clear rule emanating therefrom. This we decline to do.
In the context of the overriding and apparently sound public policy described above and the rule of immunity emanating therefrom, we hold that Rule 48(h) does not require the state or any of its political subdivisions, as party appellants, to make the deposit for court costs required of other appealing litigants. Where a political subdivision is the appellant, it is sufficient that it file with the clerk a certificate claiming its immunity, similar to that filed here by the City of Mound Bayou. In this connection we note the last sentence of Rule 48(h)(1):
An appeal shall not be dismissed for informality in the form or contents of this certificate nor for the timing of its filing.

B.
Next, Collins and Freeland assert in their Motion to Docket and Dismiss that the City of Mound Bayou has failed timely to designate the record in conformity with Miss. Code Ann. § 9-13-33 (Supp. 1983). That statute, unlike the rule just discussed, is wholly procedural in nature, operation and effect. It provides that any person appealing a case shall notify the court reporter in writing not later than ten days after perfecting his appeal of the fact that a copy of the notes of the court reporter is desired.[4]
The facts reflect that the appeal was perfected on May 21, 1984. On June 22, 1984, some 22 days past the ten day time limitation of the statute, the City filed "Defendant's Designation of Record". Apparently this was done in response to a suggestion by the Circuit Clerk that Section 9-13-33 remained in full force and effect.
*342 The City of Mound Bayou argues that Rule 48 has superseded the notice to the court reporter requirements of Section 9-13-33. In large part, the City is correct. Section 9-13-33 is wholly procedural. No important public policy considerations are implicated. It is within our rule-making authority to preclude enforcement of Section 9-13-33 in its entirety if we find such conducive to the proper administration of justice. Newell v. State, 308 So.2d 71, 78 (Miss. 1975); Haralson v. State, 308 So.2d 222, 224 (Miss. 1975); see also, Fairley v. State, 343 So.2d 483, 484 (Miss. 1977) (use of rule-making power suggested) (Sugg, J., dissenting).
The question before the Court is, to what extent have we via the promulgation of Rule 48 pretermitted the enforcement of Section 9-13-33? Our subject matter being entirely procedural, the answer necessarily derives from a consideration of the requirements of Rule 48 and the extent to which they conflict with the terms of the statute.
Rule 48(b) requires that a copy of the notice of appeal be served upon the court reporter. That notice gives the reporter actual knowledge that an appeal is being taken.
Rule 48(h)(1) provides that the appellant shall make its cost deposit and file with the clerk a certificate of compliance. The rule provides that a copy of this certificate should be served on the court reporter, at which time the reporter shall commence preparation of the transcript.
These requirements make it apparent that Rule 48 is in hopeless conflict with much of what is in the first four subparagraphs of Section 9-13-33.[5] This, of course, brings into play the proviso in Rule 48(a) to the effect that all statutes, rules or decisions in conflict with this rule shall be of no further force or effect.
The fundamental accomplishment of Rule 48 is that the appeal is perfected by the filing of the notice and prepayment of costs (which, in this case, is excepted). Everything else that an appellant may do or fail to do goes to the question of whether the appellant has diligently prosecuted his appeal  all the more reason why we are loathe to incorporate the requirements of Section 9-13-33 into the simple procedural scheme of Rule 48.
We hold that Rule 48 supersedes subparagraphs (1), through (4) of Section 9-13-33. Cf. Fairley v. State, 343 So.2d 483, 484 (Miss. 1977) (suggestion that rule-making power be used to supersede 9-13-33) *343 (Sugg, J., dissenting). Because subparagraphs (5) through (7) of Section 9-13-33 in no way conflict with Rule 48, they remain in full force and effect.[6]
The City of Mound Bayou has fully complied with the notice-to-the-court-reporter features of Rule 48. The certificate attached to the notice of appeal reflects that it was served on Mrs. Grace Tice, court reporter, on May 21, 1984. The City's certificate of compliance with Rule 48(h)(1) similarly shows service on the court reporter on May 21, 1948. This clearly confirms to the requirements of the 30 day time limit. The motion to strike the court reporter's notes is overruled.
Having dispatched some of the niceties of Section 9-13-33(1) through (4), we add a point for clarification. Upon receipt of a copy of the notice of appeal and the certificate of compliance with Rule 48(h)(1), the court reporter becomes obligated to prepare the entire transcript of all proceedings had at trial.
Nothing said here is intended to discourage the parties from reaching agreements regarding reduction of the transcript by excluding or omitting portions of the testimony or exhibits not relevant to the issues to be raised on appeal. The deposit-for-costs requirement of Rule 48(h)(1), coupled with our rules regarding assessment of costs at the end of the appeal, ought in the ordinary case provide a salutary incentive to such agreements, although we are aware this frequently is not so.
We take this opportunity to remind the bar of this state that there is much money and time to be saved via agreed, expurgated records  with no loss of fair advantage to the litigant pursuing legitimate self-interest on appeal. What  and all  we are saying here is that, absent agreement of the parties to the contrary, the court reporter should not omit from his or her transcript any part of the trial proceedings.
MOTION TO DOCKET AND DISMISS OVERRULED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE and SULLIVAN, JJ., concur.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and PRATHER, J., not participating.
NOTES
[1] Rule 48(h)(1), Miss.Sup.Ct.Rules. Rule 48, was promulgated by this Court on September 28, 1983, as an Appendix to Moran v. Necaise, 437 So.2d 1222, 1225-1227 (Miss. 1983). The rule became effective on January 1, 1984.
[2] Miss. Code Ann. § 9-13-33 (Supp. 1983)
[3] In the light of Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), see Miss. Laws of 1984, ch. 495 [Senate Bill No. 2441].
[4] Performance of duties imposed upon Appellants under Section 9-13-33 are not jurisdictional. Haralson v. State, 308 So.2d 222, 224 (Miss. 1975). We have waived the requirement altogether, Fairley v. State, 343 So.2d 483 (Miss. 1977), although we recently enforced it in a pre-Rule 48 case where the notice was given 107 days late. Garrett v. Nix, 431 So.2d 137, 140 (Miss. 1983).
[5] The first four subparagraphs of Section 9-13-33 provide:

(1) In all cases in which the trial is noted by the official court reporter, any person appealing the case shall notify the court reporter in writing not later than ten (10) days after perfecting his appeal of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case the attorney making the request shall file with the clerk of the court a copy of the notice with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee's attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.
(2) Within ten (10) days after the service and filing of such a designation and notice, any other party to the appeal may in like manner serve and file a designation of additional portions of the record, proceedings, testimony and evidence to be included. Within ten (10) days after the service and filing by any appellee of his designation and notice, appellant may in like manner serve and file a designation in rebuttal of additional portions of the record, proceedings testimony and evidence to be included. In cases where a new trial is granted, and an appeal is desired and is otherwise allowable, the parties filing and serving designations of record, as herein set forth, may likewise designate the portions of the record, proceedings, testimony and evidence of the former trial or trials in lieu of a bill of exceptions in the same manner and within the respective periods of time after the adjournment of the term of court at which the last trial is held.
(3) The appellant and appellee shall state in their respective designation that part of the clerk's record and reporter's transcript of the testimony and evidence they desire to be transcribed and included in the record and that part that might be omitted altogether.
(4) All pleading, process, and testimony of witnesses, not essential to the decision of the questions presented by the appeal shall be omitted, unless specified to be included in the notices and designations aforesaid.
[6] Subparagraphs (5) through (7) of Section 9-13-33 read as follows:

(5) Upon receipt of such notice, it shall be the duty of the court reporter to immediately acknowledge receipt thereof and to transcribe and file his notes accordingly within sixty (60) days thereafter.
(6) The court reporter shall receive two dollars ($2.00) per page for the same, which shall be taxed as costs, and the court reporter shall file with the clerk the original and one (1) carbon copy of his notes so transcribed, together with all exhibits to the testimony, for which carbon copy no charge shall be made. The original of such transcript shall be used by the clerk in making up the record for the supreme court, and the clerk shall omit such pleading, process and other documents except as designated in the notice aforesaid, and no other fee shall be allowed for this part of the record. Provided, however, that in criminal cases where appeals are taken and no appeal bond is filed the transcript fee herein provided shall be paid to the court reporter of the county treasury at the rate of two dollars ($2.00) per page, after the examination and approval of an itemized account of same by the district attorney and allowance thereof by the board of supervisors of the county.
(7) The term "official court reporter" as used in this section shall include reporters regularly employed by the Mississippi Public Service Commission, and such reporters shall receive the same compensation as provided herein for official court reporters.