**CITY OF MERIDIAN, Plaintiff,**

v.

**ALGERNON BLAIR, INC., et al., Defendants.**

**Civ. A. No. E82–0069(L).**

United States District Court,
S.D. Mississippi, E.D.

March 29, 1985.

See also, 5th Cir., 721 F.2d 525.

William J. Gunn, Meridian, Miss., Phillips & Mozley, Atlanta, Ga., for plaintiff.

J.R. Shannon, Meridian, Miss., E. Mabry Rogers & Branton Schell, Birmingham, Ala., for defendants.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of the defendants, Algernon Blair, Inc. and Johnson Controls, Inc., to confirm an award rendered by arbitrators in their favor in the amount of $145,000.00. The motion requests a ruling that the defendants are entitled to be paid interest at the rate of eight percent (8%) per annum on the amount of the award from its date of entry on October 3, 1984, until January 20, 1985, the date of payment of the principal by the City of Meridian. The defendants rely upon the recent Mississippi Supreme Court decision in *Pruett v. City of Rosedale,* 421 So.2d 1046 (Miss.1982), partially abolishing the doctrine of sovereign immunity, and Mississippi Code Annotated section 75–17–7 (Supp.1984). This statute provides that "All judgments and decrees founded on any contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum".

Prior to the *Pruett* decision, a municipality was clearly not considered to be liable for the payment of interest on a judgment rendered against it. *City of Jackson v.*

*Reed,* 233 Miss. 280, 305–07, 103 So.2d 6, 7–8 (1958). As stated in that case, interest is a creature of statute for which neither the state nor its political subdivisions are liable unless specifically imposed by statute. *Id.* 103 So.2d at 7. This principle was recently reaffirmed in *City of Mound Bayou v. Roy Collins Const. Co.,* 457 So.2d 337, 340 (Miss.1984). The court further noted that, derived from the public policy that a political subdivision is not required to respond in judicial proceedings are the rule that statutory damages may not be assessed against a political subdivision where a judgment on appeal is affirmed against the political subdivision and the rule that "a political subdivision is not liable for any interest on a judgment". 457 So.2d at 340 (citing *City of Jackson v. Reed,* 233 Miss. 280, 103 So.2d 6 (1958)). The *City of Mound Bayou* decision clearly restates with approval the rule of law announced in *City of Jackson v. Reed,* 233 Miss. 280, 103 So.2d 6 (1958). Consequently, the court is of the opinion that the City of Meridian is not liable for payment of interest on the arbitrators' award.

It is, therefore, ordered that the motion of the defendants is overruled.