# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CT-01072-SCT

*CITY OF JACKSON, MISSISSIPPI*

*v.*

*CHARLES WILLIAMSON AND BETH WILLIAMSON*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/05/95 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM A. GOWAN, JR. |
| ATTORNEY FOR APPELLEES: | LANCE L. STEVENS |
| | MITCHELL H. TYNER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED; REMANDED-2/25/99 |
| MOTION FOR REHEARING FILED: | 3/11/99 |
| MANDATE ISSUED: | 7/8/99 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Certiorari was granted in this case so that we might consider only the application of post-judgment costs, statutory damages, and interest against the state and it's political subdivisions. We do not decide any other issues.

## STATEMENT OF THE FACTS

¶2. Charles and Beth Williamson filed a negligence action in Hinds County Circuit Court against the City of Jackson and the Town of Flowood after Charles Williamson struck a cable while riding his motorcycle. Williamson was seriously injured. The cable spanned an access road leading to a sewage metering station on the Town of Flowood's property was owned by the City of Jackson. The cable was invisible to Williamson until he passed a point where he could not avoid it. The City had received permission from the Town to place a gate at the entrance to the access road in an attempt to curb vandalism in the area. The City instead erected two posts with a cable spanning the road. The Town denies granting permission for the cable.

¶3. Williamson was awarded $102,500 which included a 55 percent reduction for contributory negligence. The jury failed to award Beth Williamson anything for loss of consortium. The City then moved to have the judgment reduced by $17,500, the amount of a pre-trial settlement between the Williamsons and the Town. This motion was granted, and the Williamsons' Motion for Additur or New Trial as to Beth Williamson's consortium claim was denied.

¶4. Both the City and the Williamsons appealed. The Court of Appeals affirmed the lower court's judgment as to the City and reversed and remanded issues raised by the Williamsons on cross-appeal. 704 So. 2d 466 (Miss. Ct. App. 1997) (table). The Court of Appeals found the formula used to reduce the jury's award of damages was incorrect and found some amount should have been awarded for loss of consortium.

¶5. The City filed a motion for rehearing, asserting that it was not liable for interest or statutory damages as a political subdivision. The Court of Appeals granted the motion for rehearing, withdrew the original opinion, and substituted a modified opinion which deleted the statutory damages and interest award. 706 So. 2d 264 (Miss. Ct. App. 1998) (table).

## DISCUSSION

¶6. The Williamsons raise only one issue for review: whether a political subdivision may be taxed with post-judgement interest, statutory damages, and costs after the trial court's final judgment is entered and the political subdivision appeals. In its modified opinion, the Court of Appeals held that:

> [W]e find that the supreme court has as recently as the 1994 ***Mound Bayou*** case stated that interest on a judgment is not assessable against a governmental subdivision. 457 So. 2d at 340. We adhere to that pronouncement, but encourage its reconsideration.

> The legislature may have intended to permit interest in some circumstances by stating that "no judgment against a governmental entity . . . shall include an award for . . . interest prior to judgment . . ." Miss. Code Ann. § 11-46-15(2)(Supp. 1997). It is the implication of that statement, not the explicit language as required under the cited case law, that might allow post-judgment interest.

¶7. The "specific language" to which the Court of Appeals refers is found in dicta in ***City of Mound Bayou v. Roy Collins Constr. Co.***, 457 So. 2d 337 (Miss. 1984), in which this Court stated:

> Neither the state nor any of its political subdivisions has any liability to pay anything to anybody, **except as expressly authorized by law**. Such laws are ordinarily found in statutory form. Occasionally they undergird and are embodied in the holdings of this Court. ***See Pruett v. City of Rosedale***, 421 So. 2d 1046, 1051-52 (Miss. 1982) (partial abolition of sovereign immunity). . . .

*457 So. 2d at 339* (emphasis added).

¶8. In a plurality decision in ***Presley v. Mississippi State Highway Commn.***, 608 So. 2d 1288, 1298 (Miss. 1992), we stated: "[t]he Legislature, as that branch of our government charged most directly with establishing policy, has a right to prescribe the parameters of the immunity of the sovereign." In response to ***Presley,*** the Mississippi Legislature enacted the following language regarding governmental liability:

> The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the "state" and its "political subdivisions", . . . are not

now, have never been and shall not be liable, and are, always have been and shall continue to be immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract . . .

Miss. Code Ann.§ 11-46-3(1) (Supp. 1998). We then held that statute constitutional in *Mohundro v. Alcorn County*, 675 So. 2d 848, 851-52 (Miss. 1996). Quoting *Grimes v. Pearl River Valley Supply Dist.*, 930 F.2d 441, 443-44 (5th Cir. 1991), we wrote:

The basic principle of sovereign immunity is that the "king can do no wrong." Consequently, the state is free from any liabilities unless it carves an exception. These exceptions come in the form of tort claims acts.

*Mohundro*, 675 So. 2d at 852. The *Mohundro* logic was re-applied in *Gressett v. Newton Separate Municipal School Dist.*, 697 So. 2d 444, 446 (Miss. 1997), wherein we stated that ". . . this Court has not held § 11-46-3 to be unconstitutional . . . ."

¶9. Clearly, the rule announced repeatedly by this Court in *Presley*, *Mohundro*, *Gressett,* and even more recent decisions, is that the State, and its political subdivisions, are liable unless the legislature declares otherwise. *Pruett, Presley* and their progeny declare that governments enjoy no immunity except that is specifically established by the Legislature. In *Pruett* this Court stated as follows:

We agree that the time has arrived when this Court should recognize that the judiciary is no longer the branch of government to supervise and control the extent to which persons with rightful claims against the sovereign may propound those claims. In fact, in a number of cases we already have said the problem is one our system of government places on the legislative branch.

*Pruett*, 421 So. 2d at 1051. Subsequently, in rejecting a statutory mandate which instructed the judiciary to apply the common law doctrine of sovereign immunity as it existed prior to *Pruett*, this Court stated that "*judicial* sovereign immunity was abolished also because the common law does not grant courts the authority to make gradations and exceptions which can only be made by statute." *Presley*, 608 So. 2d at 1294 (emphasis in original).

¶10. The question to now be addressed is whether the Legislature intended, by silence or otherwise, to allow post-judgment interest, costs, and statutory damages to be assessed against governmental entities.

### *A. Interest*

¶11. We turn to the issue of interest. In *Pruett* we declared that "the absolute sovereign immunity doctrine is out of date in modern society and [under] modern legal concepts." 421 So. 2d at 1047. Sovereign immunity is a matter of public policy, and our Legislature determines what is in the public interest. *Johnson v. U.S.,* 163 F. 30, 32 (1st Cir. 1908); *Mississippi Baptist Hosp. v. Holmes*, 214 Miss. 906, 56 So. 2d 709 (1952); *Albritton v. City of Winona*, 181 Miss. 75, 95-96, 178 So. 799, 803 (1938), *appeal dismissed*, 303 U.S. 627 (1938). Finally, in *Gressett*,we recognized that legislatively created governmental immunity has totally replaced judicial sovereign immunity *Gressett,* 697 So. 2d at 445. *See also, Wells v. Panola County Board of Education*, 645 So. 2d 883, 889 (Miss. 1994). The City failed to point out any exceptions that would show that it was excluded by our Constitution or any rule or statute from being treated just as any other appellant.[(1)]

¶12. This Court gives a statute "that meaning which best fits its language, history and spirit recognizing the electromagnetic force of positive principles embedded in other rules." ***Warren County v. Culkin***, 497 So. 2d 433, 436 (Miss. 1986) (***citing*** Dworkin, *Law's Empire* 313-54 (1986)). Our responsibility is to ascertain the intention of the Legislature on the date of the statutory enactment. ***Terry v. Long Creek Watershed Drainage Dist.***, 380 So. 2d 1270, 1272 (Miss. 1980). We will also give effect to legislative intent although "the interpretation may go beyond the letter of the law." ***Aikerson v. State***, 274 So. 2d 124, 127 (Miss. 1973) (***citing Sheffield v. Reece***, 201 Miss. 133, 143, 28 So. 2d 745, 749 (1947). "Our task in the end requires that we give to the work of the legislature the most coherent and principled reading available." ***Stuart's, Inc. v. Brown***, 543 So. 2d 649, 651 (Miss. 1989) (***citing McIntire v. Moore***, 512 So. 2d 687, 689 (Miss.1987)); ***Culkin***, 497 So. 2d at 436).

¶13. This Court in 1987 adopted Mississippi Supreme Court Rule 37 which specifically provided for the award of interest on a money judgement "unless otherwise provided by law". This rule was in effect in 1993, when the Legislature finally implemented the Mississippi Tort Claims Act, Miss. Code Ann. § § 11-46-1 et seq. (Supp. 1998). In 1995, these rules became the Mississippi Rules of Appellate Procedure with the creation of the Mississippi Court of Appeals. Rule 37 of the Mississippi Rules of Appellant Procedure regulates interest on judgments and provides in pertinent part that:

> **Unless otherwise provided by law**, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law **shall be payable** from the date judgment was entered in the court or commission below. . . .

(emphasis added). By its silence on the issue of post-judgment interest, while specifically exempting governmental entities from liability for pre-judgment interest under § 11-46-15(2), the Legislature approved Rule 37 as applicable to all defendants, whether governmental or otherwise. Section 11-46-15(2) states:

> (2) No judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for ***exemplary*** or ***punitive damages*** or for ***interest prior to judgment***, or an award of attorney's fees unless attorney's fees are specifically authorized by law.

(emphasis added).

¶14. The Legislature had the opportunity to exclude governmental entities from paying interest on a judgment, but has not done so. Rather, it expressly stated that interest could not be awarded prior to judgment. The Legislature specifically made an exception for the governmental bodies as to attorney's fees, unless specifically authorized by law, and made an exception as to punitive damages.[2] The clear language of the statute makes no exception for post-judgment interest imposed upon a political entity.[3]

¶15. Thus, legislative intent can easily be found to support our conclusion that post-judgment interest may be assessed pursuant to Rule 37 against governmental entities. The specific language of Rule 37 of the Mississippi Rules of Appellate Procedure shifts the burden to the political subdivision to provide explicit or specific statutory exceptions to the *new* general rule that political subdivisions must pay the same costs and interests as individuals or other corporate appellants who lose their appeals. The payment of interest simply makes a judgment whole, and no exception is found that can be applied to the State or its political subdivisions.[4] We agree. Additionally, the post-judgment interest statute, Miss. Code Ann. § 75-17-7 refers to "all judgments," and does not limit claims to individuals:

> **Interests on judgments and decrees.** *All judgments or decrees* founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by a judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

§ 75-17-7 (Rev. 1991) (emphasis added). Clearly, no exception is made in the statute for governmental entities.

¶16. Although Rule 37 supports the assertion that political subdivisions may be taxed with interest after the trial court's final judgment has been entered and the case is appealed by the political subdivision, outdated judicially created sovereign immunity case law mandates that specific language in a statute or rule must embrace the State in order that to apply that rule or statute to the State or its entities. *See City of Jackson v. Reed*, 233 Miss. 304, 103 So. 2d 6, 7-8 (1958). *Accord*, *City of Jackson v. Fortenberry*, 646 So. 2d 538 (Miss. 1994) (on rehearing). Rule 37 does not include specific language pertaining to the State. Therefore, under present case law promulgated pursuant to judicially created sovereign immunity, the Court of Appeals held that interest cannot be imposed upon the City of Jackson in the instant case. As discussed, *supra*, the concept that political entities should not pay interest on judgments is outdated because the payment of interest is necessary in many cases to prevent substantial diminishment of the judgment, due to the lengthy appellate process.[(5)]

¶17. Therefore, we specifically overrule *City of Jackson v. Reed*, 233 Miss. 280, 103 So. 2d 6 (1958) and *City of Mound Bayou v. Roy Collins Constr. Co.,* 457 So. 2d 337 (Miss. 1984), as well as **any of their predecessors or progeny**, to the extent that they hold that the State and its political subdivisions are not liable for interest on a judgment unless specifically imposed by statute. We therefore hold that the specific language of Rule 37 of the Mississippi Rules of Appellate Procedure shifts the burden to the State and its political subdivision to provide explicit statutory exceptions to the **new** general rule that the State and its political subdivisions must pay the same costs and interest as individual or corporate appellants who lose their appeals. We note that Miss. Code Ann. § 75-17-7, the post-judgment interest statute, refers to "all judgments," and carves out no exception for governmental entities.

¶18. Several important public policy considerations undergird both legislative intent and our interpretation of that intent today regarding post-judgment interest. Post-judgment interest is generally recognized as a common-law element of actual damages in civil actions. In fact, we have long held that interest is not imposed as a penalty but instead as compensation for detention of overdue money. *Terex Corp. v. Ingalls Shipbuilding, Inc.*, 671 So. 2d 1316, 1324 (Miss. 1996) (*citing Sunburst Bank v. Keith*, 648 So.2d 1147, 1153 (Miss.1995)); *Rubel v. Rubel*, 221 Miss. 848, 75 So. 2d 59 (1954) (*citing Miller v. Henry*, 139 Miss. 651, 103 So. 203 (1925)). This resolves any questions of hybrid situations where the governmental entity is represented by an insurance company to which the governmental entity has paid a premium for costs, interest, and statutory damages. Indeed, our citizenry must be given the benefit of that which they have already paid. Dealing with the current issue as we have rectifies the gamut of potential scenarios that may arise.

¶19. Further, simple interest is not a sufficient remedy. The utility of post-judgment interest, statutory damages, and costs is that of supplementing this simple damages interest with necessary additional damages. In addition, the application of post-judgment interest and statutory damages discourages frivolous

appeals and encourages governmental actors to settle legitimate claims when made. The potential of paying post-judgment interest and statutory damages encourages speedy compensation of legitimate claims and discourages litigation of unworthy issues. The strategy of delaying payment until the award has actually diminished in value will be thwarted. The interests of worthy claimants and judicial economy will each be advanced by today's holdings.

## B. Statutory Damages

¶20. As to statutory damages, Miss. Code Ann. § 11-3-23 (Rev. 1991), states in pertinent part:

> **Judgment for damages against appellant on affirmance of judgment or on failure to prosecute appeal; computation.**
>
> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property. . . .

This Court has deemed the statute constitutional:

> [T]he statute does not discriminate within the classes established by it and permits assessment of damages only when the judgment or decree appealed from permits recovery by one of the parties in the trial court.
>
> We conclude that the statute as applied by our decisions does not violate the due process requirements of the Fourteenth Amendment.

*Wallace v. Jones*, 360 So. 2d 932, 933-34 (Miss. 1978).

¶21. In *Canal Bank & Trust Co. v. Brewer***,** 147 Miss. 885, 114 So. 127 (1927)**,** this Court held, in awarding the damages, that:

> This allowance [5 percent] is also in the nature of compensation to the successful appellee for the expenses incurred by him through wrongful appeal by his adversary. *Tigner v. McGhee***,** 60 Miss. 242; *Boyd v. Applewhite***,** 123 Miss. 185, 85 So. 87; *Davis v. Wilkins***,** 127 Miss. 490, 90 So. 180. . . .

*Id.* at 128.

¶22. Regarding the statutory damages provision, this Court further has held that:

> The penalty statute has further importance in the present state of this Court's caseload. It protects this Court from being required to spend its time and energy and resources on appeals thoughtlessly taken. Similarly, it tells the litigants that the trial itself is a momentous event, the centerpiece of the litigation, not just a first step weighing station en route to endless rehearings and reconsiderations. It is **designed to deter litigants in our trial courts from trying their cases "with one eye on the Supreme Court". It is designed to assure that the cases brought to this Court are only those in which bona fide, substantial claims of legal error are found.**

***Walters v. Inexco Oil Co.,*** 440 So. 2d 268, 275 (Miss. 1983)(emphasis added).

¶23. The same rationale and analysis applied to interest on a judgment applies likewise to the statutory damages imposed by Miss. Code Ann. §11-3-23. Of note pertaining to the damages statute is the fact that in ***State Highway Comm'n v. Mason***, 192 Miss. 576, 6 So. 2d 468 (1942) (on motion to correct judgment), this Court awarded the statutory damages--at that time, five percent--to Mason against the condemnor, the state, in an eminent domain proceeding. The Court held that:

> when an agency of the state is authorized by statute, without qualification or restriction, to condemn under the general statutes relating to Eminent Domain, the agency has thereby the same rights and is subject to the same liabilities as private parties seeking to condemn for public use, **and this would carry the five per cent on affirmance, as well as costs and interest.**

192 Miss. at 598, 6 So. 2d at 470 (emphasis added).

¶24. The Legislature, in response to our decision, amended the penalty statute to **exclude** the state from the assessment of damages in eminent domain condemnation proceedings. The current statute reads in pertinent part:

> providing, however, the above penalty (Miss. Code Ann. § 11-3-23) should not be assessed against any condemnee appealing from a special court of eminent domain in any circumstance.

¶25. No further exceptions have been set forth by the Legislature. Following the ***Pruett*** and ***Presley*** decisions, the only exceptions made by the Legislature for the state and its political subdivisions are that no prejudgment interest can be imposed. *See* Miss. Code Ann. § 11-46-15(2) (Supp. 1998). The Mississippi Torts Claim Act makes no exception for the state relating to the imposition of statutory damages. We conclude the Legislature has addressed this issue by not including such an exception in the Torts Claim Act, while directly excepting the award of punitive damages, attorney's fees unless otherwise specified by law, and prejudgment interest. The Legislature has no more declared governmental entities, as appealing litigants, to be free from the statutory appeal penalty than it has declared itself to be free from interest. If it had, they would have so stated. The Legislature has had ample opportunity to do so. However, until it does so, governmental entities are on the same footing as any other litigant.

### C. Costs

¶26. Costs on appeal are allowable against governmental entities. Rule 36 of the Mississippi Rules of Appellate Procedure addresses costs on appeal and states in relevant part:

> **(a) To Whom Allowed.** . . . . If a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered. If a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered. If a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court which decided the case.
>
> **(b) Costs For and Against the State of Mississippi.** Costs **may** be awarded for or against the State of Mississippi or any of its agencies, or officers, or political subdivisions unless otherwise provided by law.

M.R.A.P. 36 (a) & (b). The Comment states in part that "Subdivision (b) . . . **reflects the general state**

**rule that the state and its agencies are liable for costs unless a statute provides otherwise. . . . "** (emphasis added).

¶27. Rule 36 and those rules applicable to interest and statutory damages were "on the books" prior to 1993. Since the Legislature declined to exempt governmental entities from liability for costs when adopting the Mississippi Tort Claims Act, we hold this provision also applies to the State and its subdivisions.

## CONCLUSION

¶28. In summary, common law and judicially created sovereign immunity are the justifications for the burden shifting and explicit statutory language requirements put forth by the City of Jackson in support of its argument that damages and interest should not be imposed upon a political subdivision. Post-*Pruett* and post-*Presley* rules abolish judicial sovereign immunity, and those decisions acknowledge that sovereign immunity is a matter of public policy and that our legislature determines what is in the public interest. *Presley*, 608 So. 2d at 1291.

¶29. Miss. Code Ann. § 75-17-7 (the interest statute) specifically refers to **"All judgments"** and § 11-3-23 (the appeal damages statute) addresses the blanket category of **"appellant."** The latter goes to great lengths to describe when and where the damages provision applies. Yet neither sets forth an exception for governmental entities.

¶30. M.R.A.P. 37, a contemporary rule outdating the cases cited by the City, provides for interest on judgments **"[u]nless otherwise provided by law. . . ."** The Court finds that the new procedural rules shift the burden of explicit language to the political subdivisions requesting special treatment to show an exception exists, and the City of Jackson has failed to do so.

¶31. Finally, legislative intent can be gleaned from the specific language of the Mississippi Torts Claims Act, Miss. Code Ann. § § 11-46-1, et seq. (Supp. 1998). The Act expressly excludes the awarding of pre-judgment interest, punitive damages and attorney's fees against a governmental entity unless otherwise provided for by law. No exception is set forth for the imposition of post-judgment interest, costs or statutory damages.

¶32. The State and its political subdivisions are immune only to the extent that the Legislature declares. The Legislature's specific refusal to address the matter of interest on judgments and costs subsequent to the promulgation of Rules 36 and 37 leaves the rules intact. The State of Mississippi and its agencies, officers, political subdivisions and municipalities may be assessed post-judgment interest, costs, and statutory damages "unless otherwise provided by law."

¶33. Accordingly, the judgment of the Court of Appeals affirmed. We reverse only to the limited extent that it denied the imposition of statutory damages and post-judgment interest against the City of Jackson, and this case is remanded to the Circuit Court of Hinds County for further proceedings consistent with this opinion.

¶34. **AFFIRMED. REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**SULLIVAN AND PITTMAN, P.JJ., AND BANKS, J., CONCUR. PRATHER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION. MILLS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND SMITH, JJ.**

**WALLER, J., NOT PARTICIPATING.**

**PRATHER, CHIEF JUSTICE, DISSENTING:**

¶35. For many years, this Court has held that political subdivisions of the State are not liable for interest, costs, and penalties on appeal, absent an express statutory provision to the contrary. There has been no such statutory enactment in this case. Furthermore, the rationale for the long line of precedent is still persuasive -- regardless of the status of sovereign immunity in this State. Therefore, I must dissent.

¶36. The majority concludes that the Legislature intended for political subdivisions to be assessed with interest, costs, and statutory penalties on appeal, and cites the fact that the Legislature did not specifically create an exemption for such assessments in the Mississippi Tort Claims Act. *See* Miss Code Ann. §§ 11-46-11, *et seq*. (Supp. 1998). However, as the majority correctly notes, this Court has long held that -- **absent a statute to the contrary** -- municipalities are exempt from paying these fees. ***See, e.g., City of Jackson v. Fortenberry***, 646 So. 2d 538 (Miss. 1994) (declining to assess statutory penalties against municipality/appellant, after the enactment of the Tort Claims Act) (citing ***City of Jackson v. Reed***, 233 Miss. 280, 305-307, 103 So. 2d 6, 7-8 (1958)). ***See also City of Meridian v. Algernon Blair, Inc.***, 615 F. Supp. 709 (S.D. Miss. 1985); ***City of Mound Bayou v. Roy Collins Const. Co.***, 457 So. 2d 337 (Miss. 1984); ***Rankin County v. Wallace***, 230 Miss. 413, 420, 92 So. 2d 661, 665 (1957).

¶37. Given this long line of precedent, the majority's theory on legislative intent is quite tenuous. In fact, it is more plausible that, if the legislators intended to change the longstanding law on this subject, they would have enacted a statutory provision to that effect.

¶38. The statutes on sovereign immunity (which dictate when a political subdivision of the State may be subjected to a lawsuit) should not be confused with the procedures this Court will follow when such a suit has been appealed. This Court's sound policy against assessing a municipality with interest, costs, and statutory penalties on appeal is based on the notion that the public should not be "deprived of the services that could have been purchased with those monies." ***Mound Bayou***, 457 So. 2d at 341. This rationale holds true today -- regardless of the status of sovereign immunity in this State. ***See Fortenberry***, 646 So. 2d at 538. Furthermore, the Legislature has not adopted a statute to the contrary. Accordingly, I dissent, and would follow the long line of cases cited above.

**MILLS, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶39. I must respectfully dissent from much of the overreaching language of the majority opinion. I agree that political subdivisions are liable for interest since Rule 36 of the Mississippi Rules of Appellate Procedure, as adopted by the Supreme Court in 1987, provided for the award of costs against the State of Mississippi or any of its agencies, officers or political subdivisions "unless otherwise provided by law." When enacting the sovereign immunity statutes, the Legislature specifically declined to address this matter and therefore allowed for post judgment interest to be assessed against governmental entities since prejudgment interest under § 11-46-15(2) was specifically prohibited.

¶40. I do not follow the majority opinion in its conclusion that penalties are to be assessed against the state and governmental subdivisions. Legislative intent on this issue is silent. It is therefore not our place to create new law on this issue.

**ROBERTS AND SMITH, JJ., JOIN THIS OPINION.**

1. Under the authority of *Walters v. Inexco Oil Co.,* 440 So. 2d 268, 278 (Miss. 1983), because this appeal is based upon a procedural matter, the law that applies is the law in effect on the date of the trial court's judgment in this matter, August 5, 1995. *See also Deas v. Andrews*, 411 So. 2d 1286, 1294 (Miss. 1982).

2. Unlike the Federal system, there is no state congressional record which may be consulted in the effort to glean legislative intent behind specific pieces of legislation. The Legislative Reference Bureau, located in the basement of the Capitol Building in Jackson, Mississippi, does produce a chronological publication that lists statutes by their House and Senate Bill numbers. Therefore, we must discern the Legislature's intent from an analysis of the specific language of the statute.

3. Charles Williamson's accident occurred April 28, 1990, prior to the passage of the Mississippi Tort Claims Act; and therefore, the Act is not applicable to the instant case. However, we may look to the Act to discern the Legislature's intent as to the issue before us.

4. In *Humphreys County v. Cashin*, 128 Miss. 236, 90 So. 888 (1922), this Court held that:

> Where a **state or subdivision thereof** to enter or to be brought into the courts as a litigant, it becomes subject, **in the absence of a provision in the statute to the contrary, to all of the rules governing the procedure in other cases.**

90 So. at 891 (emphasis added).

5. *See also* 57 Am. Jur. 2d *Municipal*, *County, School and State Tort Liability* § 703, at 645 (1998): "Interest on damages, or prejudgment interest, as well as costs may generally be awarded against a state or local government in a tort action, in the absence of a contrary statute." (footnotes omitted).