**Laurie Hamlin PICOU, Plaintiff,**

v.

**CITY OF JACKSON, Defendant.**

**No. 99–CV–604.**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 24, 2001.

James D. Bell, Eduardo Alberto Flechas, Bell, Flechas & Gaggini, P.A., Jackson, MS, for Laurie Hamlin Picou.

Bo Roland, Maxey, Wann, Fyke & Hawkins, PLLC, Samuel L. Begley, Begley Law Firm, Jackson, for City of Jackson, Mississippi.

### ORDER

BARBOUR, District Judge.

■ This cause is before the Court on the Motion of Plaintiff for Writ of Execution and the Motion of Defendant for Stay of Execution of Judgment upon Appeal. Plaintiff Laurie Hamlin Picou ("Picou") asserts that a writ of execution is necessary as Defendant City of Jackson ("the City") has not paid the amount of the judgment, and Picou fears that "[u]nless a writ of execution is speedily issued to enforce the subject judgment, it is believed that there is a danger that the judgment will not be satisfied." In response, the City offers the Affidavit of Jean Lowrey, Budget Manager for the Department of Administration of the City, in which Lowrey states that the 2001 budget of the City includes $600,000.00 for the payment of federal litigation claims as well as a $1,400,000.00 reserve for contingencies relating to litigation.

The Court finds that the funds set aside by the City are more than adequate to cover the $50,000.00 damage award plus the $41,436.86 awarded in attorneys' fees. Accordingly, the Motion for Writ of Execution is denied, and the Motion to Stay Execution of Judgment Pending Appeal is granted. Therefore, the remaining issue to be addressed by the Court is whether the City must post a supersedeas bond while the appeal is pending.

■ The City asserts that it is not required to post a bond pursuant to Rule 62(f) of the Federal Rules of Civil Procedure which provides, in part, that "a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state." Accordingly, Rule 62(f) of the Mississippi Rules of Civil Procedure provides that:

When an appeal is taken by the State of Mississippi or an officer or agency thereof or by direction of any department of the government of the same and

the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required of the appellant.

Thus, the question becomes whether the City is entitled to the same protections afforded the State of Mississippi by Rule 62(f).

The comment to Rule 62(f) points out that "[s]ubdivision (f) exempts the State of Mississippi from giving security to obtain a stay of judgment. This tracks prior practice under Miss.Code Ann. § 11–51–101 (1972)." Section 11–51–101, in addition to exempting the State of Mississippi from posting a supersedeas bond, also provides that "any...city...in any suit or action...shall be entitled to appeal from a judgment...from which an appeal may be taken, without prepayment of costs in the lower court.... In any such case, if supersedeas is allowed and desired, a bond for supersedeas shall not be required." Accordingly, this raises the issue as to whether section 11–51–101 is in conflict with Rule 62(f), or whether it may be read in conjunction with Rule 62(f) to apply to the City as well as the State of Mississippi.

While not directly ruling upon this issue, in *City of Mound Bayou v. Roy Collins Constr. Co., Inc.,* 457 So.2d 337, 340 (Miss. 1984), *overruled on other grounds, City of Jackson v. Williamson,* 740 So.2d 818 (Miss.1999), the Mississippi Supreme Court unequivocally held that pursuant to section 11–51–101, the City of Mound Bayou was not required to post a bond on appeal. *City of Mound Bayou* was decided on September 19, 1984, almost two years after the enactment of the Mississippi Rules of Civil Procedure on January 1, 1982. Thus, it can be inferred that section 11–51–101 does not conflict with Rule 62(f). Accordingly, the City is not required to post an appellate bond. This is sound public policy as it is obvious that the City

is able to satisfy the judgment, and regardless of the outcome of the appeal, it would be wasteful to further burden the taxpayers with the cost of the appellate bond.

IT IS THEREFORE ORDERED that the Motion of Plaintiff for Writ of Execution [117–1] is hereby denied.

IT IS FURTHER ORDERED that the Motion of Defendant for Stay of Execution of Judgment is hereby granted, and Defendant is not required to post a supersedeas bond while this matter is on appeal.